THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

R. HALL McCORMICK *et al.*

*Opinion filed February 17, 1904—Rehearing denied April 12, 1904.*

1. INHERITANCE TAX—*term "expectation" means where title is vested but possession is deferred.* The term "expectation," used in section 1 of the Inheritance Tax act, where a person shall become beneficially entitled, in possession or expectation, to any property or income thereof, means a condition where the title is vested and indefeasible, the right to immediate enjoyment being postponed.

2. SAME—*condition authorizing imposition of tax is actual ownership.* The condition contemplated by the Inheritance Tax act which shall authorize the imposition of the tax is one of actual ownership, —the possession of a title to something which can be conveyed.

3. SAME—*what estates are not subject to inheritance tax.* A contingent estate cannot be taxed, under the Inheritance Tax act, until it becomes vested, nor can an estate which is vested subject to defeasance be taxed until it becomes indefeasible. (*Ayers v. Chicago Title and Trust Co.* 187 Ill. 42, explained.)

4. SAME—*when the imposition of an inheritance tax must be postponed.* Where the person who is, or will ultimately be, entitled to the beneficial interest in a remainder cannot be identified or the proportion thereof to which he will succeed cannot be determined, the imposition of an inheritance tax must be postponed until such matters can be definitely ascertained.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

H. J. HAMLIN, Attorney General, (E. M. ASHCRAFT, of counsel,) for the People.

PENCE & CARPENTER, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a proceeding in the county court of Cook county to fix the inheritance tax in the matter of the estate of Leander J. McCormick, who died testate on February 20, 1900, leaving an estate, the market value of which was fixed in this proceeding in the county court, after making all proper deductions on account of indebt-

edness and expenses of administration, at $3,548,680.67. Leander J. McCormick left no widow, and his only heirs-at-law are his three children, Nettie L. Goodhart, R. Hall McCormick and Leander H. McCormick. The will is quite lengthy, and provides for many contingencies that may arise in the twenty years next succeeding the death of the testator. A proper understanding of the questions involved requires that the substance of several of its paragraphs be stated at some length.

The third clause of the will gives to the daughter the sum of $75,000 to procure for herself a home, the title to be vested in her for life and after her death in her issue then living, *per stirpes.* If she should not desire to own a residence, then the testator's trustee is directed to invest the fund and pay the income to her until she should desire a home or until the expiration of twenty years after his decease. In case the home should not be purchased within the twenty years, then this fund is to become the property of the daughter provided she survive the twenty years, and if the home is not procured and the daughter does not survive the twenty years, then the income for the remainder of the twenty years is to be paid to her surviving issue for the balance of the twenty years, when the principal of the fund is to be distributed to her surviving issue *per stirpes.* In case she dies without issue prior to the lapse of twenty years after the death of the testator, or leaving issue who die prior to the lapse of the said last mentioned period of twenty years, then the proceeds arising from the sale of the residence if one shall have been procured, or the principal of the fund if a residence shall not have been procured, is to be distributed, one-fourth as the daughter may by her last will appoint and the remaining three-fourths to fall into the residue of McCormick's estate, and if the daughter does not appoint any person to take the one-fourth, then it also falls into the residue of his estate.

The fifth clause devised to the son R. Hall McCormick, as trustee, and to his successors in trust, the residue of the estate of the testator, the same to be invested, managed and controlled for a term of twenty years after the testator's death, and directs that from the net income of the estate an annuity of $20,000 shall be paid throughout said period of twenty years to each of the three children, with a provision that if all the children shall agree, in writing, thereto, a larger sum than $20,000 per annum shall be paid to each of them from the net income of his estate, provided such larger sum can be advanced without prejudice to the general interest of the estate. In case of the death of either of the children prior to the expiration of twenty years, then three-fourths of the annuity shall be paid to the issue of such child in such manner as such child shall by will appoint, and the other one-fourth of the annuity shall be paid to any person whom such child by last will may appoint, and failing such appointment as to either portion, respectively, the same to pass to the issue of the deceased child *per stirpes*, any increase in the amount of the annuity made in the manner aforesaid to take the same course, in the event of the decease of either child, as is provided for the annuity of $20,000 fixed by the will.

By the sixth clause it is provided: "It is my intention that up to the date of the full expiration of the twenty years after my decease  *  *  *  that none of the beneficiaries hereinafter mentioned are to take any interest in any of said property [referring to the residue of the estate] except the annuity and bequests hereinbefore mentioned, prior to the expiration of said twenty years." It is then provided that the trust shall terminate at the end of the twenty-year period, and upon such termination the residue of the estate, with accumulations, is devised, share and share alike, to the three children.

In case R. Hall McCormick is deceased at the termination of the twenty-year period, with issue who survive

that period, his portion of the residue is to be distributed among such persons as he may by his last will appoint, and if no such appointment is made, then it is to be distributed equally among his children then surviving and the issue of any deceased child, such issue taking the share that the parent would take if living.

In case Leander H. McCormick shall die prior to the expiration of the twenty-year period, his portion of the residue, except the sum of $100,000, shall be paid to and vested in his children then surviving and the issue of any deceased child of his as he may by his last will appoint, and the said sum of $100,000 shall be paid to and vested in any person appointed by the last will of said Leander H. McCormick, and failing any such appointment as to either portion, respectively, of such share of Leander H. McCormick, that portion shall be paid to and vested in the child or children of Leander H. McCormick then surviving, share and share alike, and to the issue of any deceased child, such issue taking the share that the parent would if living.

The same disposition is made of the portion of the residue devised to Nettie L. Goodhart in case she dies prior to the expiration of the twenty-year period as is made of the portion devised to Leander H. McCormick in the event of his death prior to the expiration of that period.

The seventh clause provides for the contingency of each of the children dying prior to the expiration of the twenty-year period without issue or leaving issue none of whom survive the twenty-year period. If R. Hall McCormick shall die under such circumstances, he is given a power of appointment by his will, whereby he may designate the person or persons who shall become entitled to and in whom shall vest in fee one-fourth of his portion of the residue, the remaining three-fourths of his portion of the residue to pass to the surviving children of the testator, and the issue of such as are deceased. If he does not exercise the power of appointment as to the

one-fourth, then that is to pass with the three-fourths. The same provision is made in reference to Leander H. McCormick and Nettie L. Goodhart, except that each has the power of appointment as to $100,000, only, of his or her portion of the residue.

The county court treated the interest of Nettie L. Goodhart in the $75,000 fund as a life estate, ascertained the present worth of such life estate and fixed the tax upon such present worth, and ascertained also the present worth of the interest of each of the three children in the annuity of $20,000 per annum and fixed the tax on the sum so ascertained. That portion of the estate which is to pass into the possession of the three children of the testator at the expiration of the twenty-year period was appraised at $2,903,506.67. The court below did not fix any tax against this remainder, for the reason, as stated in the order of the court, that the amount of the tax thereon is not now ascertainable, because it is impossible to determine who may be the beneficiaries of this portion of the estate, and what, if any, relation they may bear to the testator, or the amounts which they will take, respectively, at the termination of the trust provided for in the will, and the order recites that the determination of the amount of the tax on that portion of the estate is deferred until such time as the uncertainties are removed. It was shown by stipulation that the net annual income from the portion of the estate devised to the trustee is at least $100,000.

An appeal has been prosecuted to this court by the People of the State of Illinois, and upon the errors assigned it is contended:

*First*—That a tax should have been fixed upon that portion of the estate which is to be distributed at the end of the twenty-year period, on the theory that each of the three children took such an interest therein as was presently ascertainable and taxable under the statute.

*Second*—That a tax should have been fixed on the full amount of the $75,000 fund bequeathed for the use of Net-

tie L. Goodhart, instead of upon the present value of a
life estate for her therein.

*Third*—That a tax should have been assessed upon
the present value of the full amount of the net income
of the estate of Leander J. McCormick for the period of
twenty years from his death, on the basis that one-third
thereof passed to each of his children.

It will be seen by an inspection of section 366 of chap-
ter 120, Hurd's Revised Statutes of 1901, that the tax is
to be imposed where the beneficial interest in property
has passed to the person taxed, and such tax may be
imposed against any person who "shall become benefi-
cially entitled in possession or expectation to any prop-
erty or income thereof." It has been said that the terms
"beneficially entitled" and "beneficially interested," as
used in statutes providing for a tax of this character,
when considered with regard to time when the benefi-
ciary becomes so entitled or interested, are construed
to refer to the time when the beneficiary has the title to
the property or is entitled to the possession thereof, or
when a contingent interest vests or when a defeasible in-
terest becomes indefeasible; (2 Woerner on American Law
of Administration,—2d ed.—p. 691*a;*) while a "beneficial
interest," when considered as a designation of the char-
acter of an estate, is such an interest as a devisee takes
solely for his own use or benefit, and not as the mere
holder of the title for the use of another. *In re Seaman's
Estate,* 147 N. Y. 69.

It will be observed from this section of the statute
that where the property passes to certain persons re-
lated to the testator by consanguinity or affinity an ex-
emption is permitted; that the exemption is greater and
the rate of taxation lower in case of those most nearly
akin, while the exemption is less and the rate higher in
case of those farther removed; that in case of the stranger
who is a beneficiary the rate of taxation is graduated
according to the amount of property received, up to the

sum of $50,000; in all cases where the succession exceeds that amount and passes to a stranger the rate is the same. It is therefore obvious that the amount of tax can not be fixed until it is certainly known who the beneficiaries are and what portion of the property each will take.

It is contended on the part of appellant that each of the three children of the testator takes a vested interest in the property that is to pass from the trustee at the termination of the twenty-year period, while the view of counsel for appellees is that the interests devised in that property, which are to vest in possession at the end of that period, are contingent remainders. We will not indulge in any nice distinctions for the purpose of determining whether or not the interest in this residuary estate, into the possession of which each of the children of the testator is to enter at the end of the twenty-year period, is, in the technical meaning of the term, a vested estate. If it can be said to be vested it is subject to a condition of defeasance, because if either of the children of the testator dies prior to the expiration of the period his or her title to this property will thereby be defeated. Nothing is left but a power of appointment, which may or may not be exercised, and it is therefore wholly uncertain at this time who will, when the twenty years shall have elapsed, possess the beneficial interest in this property, or in what proportion this property will be divided among the persons who succeed to the beneficial ownership thereof.

The condition contemplated by our statute as that which should authorize the imposition of the tax is one of practical and actual ownership,—the possession of a title to something that can be conveyed. If either of the children of the testator, in this case, should convey, by deed, his or her interest in the remainder and die before the expiration of the twenty years, the purchaser would take nothing, and under such circumstances to impose a tax upon either of the children of the testator

on account of the right to succeed to the interest in the residuary estate would be to tax the shadow, and not the substance. It would result in taxing appellees upon their right to succeed to property, when, so far as any beneficial ownership is concerned, there never was a right of succession. The right to succeed, under such circumstances, is, for all practical purposes, a myth. Taxation to the tax-payer is intensely real. It should not be levied upon that which is unreal. If the estates now under consideration are contingent they cannot be taxed until they are vested. If they are now vested they are subject to an estate for years and subject to defeasance, and cannot be taxed until they become indefeasible. If they be executory devises they cannot be taxed until the persons who will some time be beneficially entitled thereto are ascertained. Who can tell now whether R. Hall McCormick will die prior to the expiration of the twenty years? If so, will his issue survive that period? If he does not survive that period, will he or will he not exercise the power of appointment? It is impossible now to tell who will succeed to this portion of the residue of this estate. The situation is equally uncertain so far as each of the other children of the testator are concerned.

The right to tax is based upon the right to succeed. The amount of the tax is fixed by the amount of the property which, as a result of the right to succeed, passes to the beneficiary. The tax is levied on the succession, and not on the property as such. The rate must be determined by the amount of the succession where the beneficiary is a stranger, and the exemption, if any, must be determined by the identity of the person who succeeds. When the basis of the tax, the rate, and the exemption, if any, cannot be fixed, the tax itself cannot be fixed. No other course is left open, in the practical administration of the statute, than to postpone the assessing and collecting of the tax upon such remote and contingent interests as are incapable of valuation and as to

which the rate and the exemptions cannot be determined. (*Billings* v. *People*, 189 Ill. 472; *In re Hoffman's Estate*, 143 N. Y. 327; *In re Roosevelt's Estate*, id. 120; *In re Stewart's Estate*, 131 id. 274; *In re Curtis' Estate*, 142 id. 219; *In re Seaman's Estate*, 147 id. 69; *In re Dow's Estate*, 167 id. 233; *In re Sloane's Estate*, 154 id. 109.)   As is suggested by Mr. Justice Finch in the *Hoffman case, supra,* "the State will get its tax when the legatees get their property."

An ordinary vested remainder, not subject to any condition or contingency, as where the property is given to A for life with remainder to B, is, under the statute, immediately taxable as the property of B upon the death of the testator, because there the estate is immediately vested in interest in the remainder-man, his heirs and assigns.   Nothing can defeat it.   B's right is absolute; his deed will transfer the property; an execution against him and sale thereunder will convey it; his death cannot affect it; he is beneficially entitled to it "in expectation." This term "expectation," as used in our statute, has reference only to possession.   The language is, "by reason whereof any person   *   *   *   shall become beneficially entitled, in possession or expectation, to any property or income thereof."   The term "expectation" is used, not to denote an expectation of becoming vested both with the title and the possession where neither is now vested, but to denote a condition where the title is vested and the possession is deferred.   The term "in expectation" is used in contradistinction to "in possession." Both contemplate a title vested and indefeasible, but in one instance the right of enjoyment is immediate—"in possession;" in the other it is postponed—"in expectation."   As used in this statute, these words last quoted refer to the future possession of an estate now vested and which is subject to the immediate enjoyment of another.   It is true that in the case of *Ayers* v. *Chicago Title and Trust Co.* 187 Ill. 42, this court said, whether or not the remainders under consideration there were vested or contingent was

not material, for the reason that they were expectancies within the meaning of the statute and presently taxable as such. That language was unnecessary to the decision of that case so far as it referred to contingent remainders, because, as appears from a discussion of the subject found on page 60, the remainders in that case were vested remainders.

A brief consideration of a very common contingent remainder will show the fallacy of the doctrine that such a remainder is taxable immediately upon the death of the testator. Suppose A devises $100,000 to his son B for life, with the remainder to his son C in case C survives B; if not, then to a stranger; and that the appraised value of the remainder exceeds $50,000. If the remainder goes to the son, $20,000 of it is exempt, and the rate of tax is one dollar on every one hundred dollars, while if the remainder passes to the stranger there is no exemption and the rate is six dollars on the one hundred dollars. It is apparent that in such an instance the tax should not be fixed until the remainder vests.

As we have heretofore said, however, the right to impose the tax presently depends, not upon the character of the estate devised, with reference to its being a contingent or vested remainder, but upon the question whether the person who is now, or will ultimately be, entitled to a beneficial interest in the remainder can be now identified, and whether the proportion thereof to which he will succeed can be now determined.

What we have said in reference to the residuary estate disposes of the question presented in regard to the $75,000 fund. It cannot now be known who will be entitled to succeed to this fund, under the will, at the end of the twenty-year period. The interest which the daughter takes therein will be defeated by her death, should it occur before the lapse of that time. It would not have been proper to have treated her as the absolute owner of this fund in fixing the tax.

So far as the tax on the income is concerned, it is apparent that the income of each of the children can be increased, provided all consent, in writing, to the increase and such increase will not embarrass the administration of the fund, and the position of appellant is, that as the children have the power to increase this fund until the aggregate amount of the annuity will equal the net income from the estate, subject to the condition just suggested, each must be held to be the owner of one-third of such net income. No authority is cited on this proposition. It has seemed to us, on reflection, that the theory of the counsel for the People is wrong in this respect, for the reason that the three devisees under consideration are not taxed jointly. If either one of them had the power to have his or her annuity increased to one-third of the net income of the estate, then we think each should be taxed upon the basis that he or she is the owner of one-third of the net income; but before either is entitled to any portion of the income above the sum of $20,000 per annum the written consent of the other two must be obtained, and one or both of the others may never consent, in which event each of the children would be taxed upon an increase which they do not receive. If such written document should at any time be executed the sum added to the income of each would become taxable, and, as suggested by the written opinion of the learned jurist who determined this matter in the county court, it would be entirely proper at any time, upon the motion of those representing the People of the State of Illinois, to cite the trustee and the children to appear in that court for the purpose of ascertaining whether such an instrument has been executed and the income of each increased accordingly.

At the expiration of the twenty-year period it will be certainly known who is beneficially entitled to the residuary estate and the remainder in the $75,000 fund. All doubts now existing will then be resolved. The ex-

emptions and the rate can then be fixed without uncertainty. Then the legatee will get his property and "the State will get its tax." The imposition of the tax is properly deferred until that time.

The order of the county court will be affirmed.

*Order affirmed.*