STATE ex rel. WILLIAM D. HALE and Others v. PROBATE COURT OF HENNEPIN COUNTY and Another.[1]

February 21, 1907.

Nos. 15,031—(6).

**Taxation—Contingent Legacy.**

M. by his will gave the residue of his estate to trustees to be invested, and directed them to pay semiannually the net income therefrom to B. during the time the estate should remain in their hands, and to pay and deliver the corpus of the estate to him in four equal instalments; the first one to be turned over to him when he should have attained the age of twenty five years, and the others, in their order, when he should have reached the age of thirty, thirty five, and forty years, respectively. The will, in the event of B.'s death before he should have received the whole or any part of the estate, gave the balance remaining in the hands of the trustees to other legatees. *Held,* construing Laws 1905, p. 427, c. 288:

1. That a tax on a legacy which vests only upon the happening of some uncertain future event, so that the true value thereof cannot be presently ascertained, accrues and becomes payable only when the beneficiary is entitled to the possession or enjoyment thereof.

2. The transfer of the residue of the estate to the trustees was not taxable, but a tax will accrue and become payable from time to time on the income and on the corpus of the estate as B. may become entitled to them or any part thereof.

Writ of certiorari from the supreme court upon relation of William D. Hale, Frank M. Prince and Earle Brown, as executors of the estate of John Martin, deceased, and William D. Hale and Frank M. Prince, as trustees in trust of said estate, and Earle Brown individually, to review an order of the probate court of Hennepin county, Harvey, J., levying an inheritance tax on the trustees under the will of decedent. Reversed and remanded for further proceedings.

*Belden, Jamison & Shearer,* for relators.

*Edward T. Young,* Attorney General, and *R. A. Stone,* Assistant Attorney General, for respondents.

[1] Reported in 110 N. W. 865.

START, C. J.

Certiorari to review an order of the probate court of the county of Hennepin levying an inheritance tax on the trustees under the will of John Martin, who died testate on May 25, 1905. The testator by his will left special legacies to the nephews and nieces of himself and deceased wife, amounting in the aggregate to $32,200, excluding a lapsed legacy of $5,000. Each of the special legacies was less than $10,000, and exempt from any inheritance tax.

The provisions of the will as to the residue of the testator's estate were substantially as follows: The testator, in the event that his grandson, Earle Brown, or his widow or child, survived him, gave the residue of his estate to the relators, William D. Hale and Frank M. Prince, in trust to keep the same invested and to pay semiannually the net income thereof to Earle Brown until he should arrive at the age of twenty five years, when one-fourth of the estate should be paid to him as absolutely his own. The will further provided that when he should have attained the age of thirty years another one-fourth of the estate should be so paid to him, one-fourth more when he should have reached the age of thirty five years, and the last one-fourth when he should have become forty years old, and that the net income arising from that portion of the estate remaining in the hands of the trustees after the payment of each instalment should be paid semiannually to him, and, in case he should have reached an age when any instalment was to be paid to him before the death of the testator, such instalment should be turned over to him on the death of the testator. The will also provided that, in the event Earle Brown should die before all the instalments of the estate should have been paid to him, the trustees should pay the balance remaining in their hands to certain persons and charitable institutions designated in the will. The grandson was more than twenty five and less than thirty years old when the testator died.

The probate court found the value of the estate of the testator to be $1,915,070.58, and that the debts against the estate and the expenses of administration amounted to $22,807.78, leaving a balance for distribution of $1,892,262.80, and a balance after deducting the amount of the special legacies, $32,200, of $1,860,062.80, subject to the inheritance tax. The probate court further found that the value of one-

fourth the residue of the estate, which on the death of the testator vested absolutely in the grandson, Earle Brown, was $465,015.70; that of this amount there was exempt from the tax the sum of $10,000, leaving a balance subject to the tax of $455,015.70; and that there was due to the state from Earle Brown a tax thereon of $22,750.78. This tax has been paid, and it is not here in controversy. The court further found and ordered that the bequests made by the will to the trustees were of the value of $1,395,047.10, and that there was exempt from the inheritance tax the sum of $10,000, leaving a balance subject to the inheritance tax of $1,385,047.10, and that there was due from the trustees to the state as inheritance taxes thereon the sum of $69,-252.35.

It is the contention of the relators that this order of the court was erroneous. The correctness of the contention depends upon the application to the will of the testator of sections 1, 3, 4, 6, and 15, c. 288, pp. 427, 428, 429, 431, of the Laws of 1905, the inheritance tax law, which read as follows:

> Section 1. A tax shall be and is hereby imposed upon all inheritances, devises, bequests, legacies, and gifts of every kind and description, of any and all persons and corporations, the value of which exceeds ten thousand dollars ($10,000) and upon such excess only.

> Sec. 3. All taxes imposed by this act shall take effect at and upon the death of the decedent or donor and shall be due and payable at the expiration of one (1) year from such death, except as otherwise provided in this act: Provided, however, that taxes upon any devise, bequest, legacy or gift limited, conditioned, dependent or determinable upon the happening of any contingency or future event by reason of which the full and true value thereof cannot be ascertained at or before the time when the taxes become due and payable as aforesaid, shall accrue and become due and payable when the person or corporation beneficially entitled thereto shall come into actual possession or enjoyment thereof.

> Sec. 4. Any administrator, executor or trustee having in charge or in trust any property for distribution embraced in or

belonging to any inheritance, devise, bequest, legacy or gift, subject to the tax thereon as imposed by this act, shall deduct the tax therefrom, and within thirty days thereafter he shall pay over the same to the county treasurer as herein provided. If such property be not in money, he shall collect the tax on such inheritance, devise, bequest, legacy or gift upon the appraised value thereof, from the person entitled thereto. He shall not deliver, or be compelled to deliver, any property embraced in any inheritance, devise, bequest, legacy or gift, subject to tax under this act, to any person until he shall have collected the tax thereon.

Sec. 6. Every tax imposed by this act shall be a lien upon the property embraced in any inheritance, devise, bequest, legacy or gift until paid, and the person to whom such property is transferred and the administrators, executors and trustees of every estate embracing such property shall be personally liable for such tax until its payment, to the extent of the value of such property.

Sec. 15. Every inheritance, devise, bequest, legacy or gift upon which a tax is imposed under this act shall be appraised at its full and true value immediately upon the death of decedent, or as soon thereafter as may be practicable: Provided, however, that when such devise, bequest, legacy or gift shall be of such a nature that its full and true value cannot be ascertained at such time, it shall be appraised in like manner at the time such value first becomes ascertainable.

All the provisions of the statute we have quoted must be construed together as interdependent parts of one law. So construing them, it is clear that they impose a tax on the excess in value over $10,000 of all inheritances, devises, bequests, and gifts of every kind; that the tax is a lien on the property until it is paid, and that the executor, administrator, or trustee having any property in charge which is subject to the tax must, if it be money, deduct the amount of the tax and pay it to the proper officer, or collect it from the property, if it is not in money, and that in all cases he is personally liable for the tax to the extent of the value of the property, but other than this he is

not required to pay the tax; that all taxes must be so paid within one year after the death of the decedent or donor, except as otherwise provided in the act; and, further, that by the express provisions of the provisos to sections 3 and 15, respectively, a tax upon any devise, bequest, legacy, or gift which is limited, conditional, dependent, or determinable upon the happening of any contingency or future event, so that the true value thereof cannot be presently ascertained, accrues and becomes payable only when the beneficiary is entitled to the possession or enjoyment thereof. The language of the statute is so specific that its meaning cannot be made clearer by any extended discussion of its terms.

In the case of In re Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311, similar provisions of the inheritance tax law of the state of New York were so construed, and it was held that legacies which vested only upon the happening of some uncertain future event, or, if vested, were liable to be divested, were not taxable until the contingencies had passed or been fulfilled and the right to succeed to the property became absolute.

If then we read the provisions of the will in connection with our own inheritance tax law, as we have construed it, it is manifest that the probate court erred in imposing the tax upon the transfer of the property to the trustees. They took no beneficial interest in the property. It was simply a transfer to them to hold until the beneficiaries can be determined, which can only be done by the happening of an uncertain future event. Whether Earle Brown will ever be entitled to the property in the hands of the trustees depends upon a contingency; for, if he dies before he is thirty years old, it goes to other persons and charitable institutions designated in the will. Whether a law imposing the tax upon the transfer of the estate of decedents to trustees, thereby preventing the postponement of the collection of the tax to some indefinite future time, would be wise or not, is a question for the legislature, and not for the courts. While the order of the probate court was a practicable one, yet it was not justified by the statute.

This is frankly conceded by the attorney general; but he contends that, because Earle Brown is entitled to receive until he is forty years old, if he so long lives, the net income from the property remaining from time to time in the hands of the trustees, a life estate in the prop-

erty vested in him at the time of the testator's death. If this contention be correct, the conclusion would follow that the right to receive such estate is taxable at once. The fact that the statute does not provide any method for ascertaining the value of a life estate is not material; for the court may, in absence of express direction, adopt some practicable way for ascertaining the value of the life estate—for example, by referring to life and annuity tables. See Scheffler v. Minneapolis & St. L. Ry. Co., 32 Minn. 518, 21 N. W. 711, and Deisen v. Chicago, St. P. M. & O. Ry. Co., 43 Minn. 454, 45 N. W. 864.

We are, however, unable to accept as correct the construction of the provisions of this will relating to the income from the property while it remains in the hands of the trustees which is urged by the learned attorney general. There was but one legacy to Earle Brown, and its subject-matter is the residue of the estate and the income accruing therefrom during the time the estate remains in the control of the trustees. The payment of the income to him is limited in any event to a given number of years; hence the legacy in this respect has none of the elements of a life estate. The present value of the right to receive the income for a limited number of years cannot be ascertained, for its value depends on the contingency of his living until the limitation expires. This is just as clearly so as is the fact that the value of his right to receive the corpus of the estate cannot be determined until his right thereto becomes absolute.

It follows that a tax on the income will accrue and become payable as the time arrives for the payment thereof to Earle Brown, and that it is the duty of the trustees to deduct the tax from the amount of any instalment of income as he becomes entitled to it, at the rate of five per cent. of its value, and pay the amount thereof to the proper officer; for there is but one legacy, which exceeds in value the sum of $10,000. The exemption of $10,000 has already been deducted from the first instalment of the residue of the estate, which has already been paid to him, and there can be no further exemption as to him. And, further, if he lives to be thirty years of age, he will be entitled to receive one-third of the estate now in the hands of the trustees, less a tax of five per cent. on the value thereof, which the trustees must then collect and pay to the state before delivering the property to him, and in a like manner they must collect and pay the tax on each subsequent

instalment of the estate which he may become entitled to. If he should die before all of the instalments of the estate have been so paid to him, then the balance of the estate remaining in the hands of the trustees must be distributed to the several legatees mentioned in the will after deducting the tax due on such of them as may exceed in value $10,000. This conclusion is as favorable to the state as the provisions of the statute and the terms of the will permit.

The order of the probate court levying the inheritance tax on the property transferred to the trustees must therefore be reversed, and the case remanded for further proceedings not inconsistent with this opinion. So ordered.