STATE ex rel. THEOPHIL BASTING v. PROBATE COURT OF HENNE-
PIN COUNTY and Others.[1]

July 12, 1907.

Nos. 15,104—(26).

**Inheritance Tax—Exemptions.**

In determining the value of the estate of a deceased person for the
purpose of fixing the amount of the inheritance tax, where the estate de-
scends to two or more legatees or devisees in equal shares, an exemption
to each should be allowed.

**Same—Compensation of Trustee.**

Where the property of such an estate is committed to a trustee for a
definite period, to be by him managed and controlled for the benefit of
those to whom it passes by will, the compensation of the trustee fixed by
the will is not a proper item to deduct from the valuation of the estate.

Writ of certiorari from the supreme court to the probate court for
Hennepin county and Hon. George R. Smith, judge of that court, to
review the order of that court, dated January 4, 1907, Harvey, J., deter-
mining the value of the estate of John C. Oswald, deceased, and fixing
the amount of the inheritance tax thereon at $33,505.33. Remanded for
further proceedings.

*A. D. Smith* and *T. D. Schall,* for relators.

*Edward T. Young,* Attorney General, and *Royal A. Stone,* Assistant
Attorney General, for respondents.

BROWN, J.

Certiorari to review the order of the probate court of Hennepin coun-
ty in proceedings to determine the value of the estate of John C. Os-
wald, deceased, for the purpose of ascertaining the tax to be imposed
under the inheritance tax law.

The facts, briefly stated, are as follows: John C. Oswald died, leaving
a last will and testament, by which he devised and bequeathed all and
singular his property to his wife for her life, and at her death to his
four daughters, subject to certain conditions. Oswald survived his
wife and one of his daughters, so that at the time of his death, by the

[1] Reported in 112 N. W. 878.

operation of his will, all his property, save certain special bequests, descended to his three surviving daughters in equal shares, to be paid over or delivered to them at the times presently to be stated. The probate court determined the gross value of the estate at $750,191.55, and after deducting $4,500, the amount of special legacies, $50,000 for claims against the estate, $3,699.56 taxes paid, and $11,885.21 expenses of administration, determined the net value to be $680,106.78, one-third of which passed to each of the three daughters at the times hereinafter mentioned. The probate court treated the matter as though there was but one inheritance, and allowed but one exemption of $10,000, and ordered the tax upon the balance in accordance with the inheritance tax law.

By the terms of the will Theophil Basting was named as trustee of the estate, and the whole thereof was committed to his care and keeping for the period of ten years, with provision for certain payments to the daughters from year to year; the whole amount or share of each being payable at the expiration of the ten-year period. At the time of his death Oswald was engaged in the wholesale liquor business in the city of Minneapolis, and had property invested in other business enterprises. Basting, the trustee, was authorized to continue that business, and to manage and control the whole estate in such manner as he deemed prudent and wise, and the will fixed his compensation at $5,000 per year. The will further provided that each daughter should be paid the sum of $5,000 per year after the death of the testator, with an additional payment of $10,000 at the end of the fifth year; but the share of each did not pass or become vested in her until the expiration of the ten years. Other contingencies are presented by the will, wherein it is provided that in the event of the death of any of his daughters within the period of ten years, the share falling to her should descend to her children by right of representation, to be paid them on their arrival at twenty one years of age; the trust created by the will being continued, as to them, until they arrived at the age stated.

The probate court, after fixing the valuation of the estate as heretofore mentioned and finding that the entire amount thereof passed to the three daughters, directed the tax to be paid at once, refusing the claim of relator that the court should further deduct from the value of the estate $50,000, the total amount fixed by the will for the services of the trustee for ten years.

The order of the probate court was similar to that under review in State v. Probate Court of Hennepin County, 100 Minn. 192, 110 N. W. 865, in which we held that in a case of this kind, where the inheritance does not pass to or become vested in the legatees or devisees at the time of the death of the testator, but is postponed to a future time, or depends upon the happening of some future event, the inheritance tax cannot be imposed until the time arrives or the event occurs. So far as that feature of the case is concerned, the decision in the case referred to controls the one at bar, and upon the remand of the cause the probate court will proceed accordingly. Provision should also be made by the probate court imposing the tax upon each instalment paid the daughters under the will, exempting the first $10,000, so as to secure to the state the full and proper rate imposed by the statute. The probate court allowed but one exemption of $10,000, and in this it erred. Each daughter to whom the estate passed in equal proportions is entitled to an exemption, and the probate court should so order; the total exemption in this estate being $30,000.

The only question controverted on this review is whether the probate court erred in not deducting from the value of the estate the compensation fixed by the will for the trustee, $5,000 a year for ten years, or $50,000. After careful consideration of this question we reach the conclusion that the probate court correctly disposed of it. The expenses of the administration of the estate of a deceased person are proper to be deducted in ascertaining the value of the estate for the purposes of taxation under the inheritance tax law. But the compensation of a trustee, earned, not in the administration of the estate, but in the management thereof for the benefit of the legatees or devisees, does not come properly within the class or reason for exempting administration expenses. The trustee is authorized by the will to manage and control the estate in the ordinary manner of conducting trusts, and, if deemed prudent within his opinion, to continue the business theretofore carried on by the testator. Services rendered in that behalf have no reference to closing the estate for the purpose of a distribution thereof to those entitled to it, and are not required or essential to the perfection of the rights of the heirs or legatees. The expenses of administration are imposed as a matter of law, and are caused by the use of the legal machinery provided by the state to wind up the affairs of deceased persons, and cannot ordinarily be avoided; hence it is just that they

should be deducted from the valuation of the estate. Trusts, however, of the character of that here before the court, are created for the benefit of those to whom the property ultimately passes, are of voluntary creation, and intended for the preservation of the estate. No sound reason is given to support the contention that such expenses should be taken into consideration in fixing the value of the estate for the purpose of this tax. We find no authorities bearing directly upon this subject, though the case of In re Gihen's Estate, 169 N. Y. 443, 62 N. E. 561, and Silliman's Case, 79 App. Div. 98, 80 N. Y. Supp. 336, seem to hold that expenses of this kind should not be considered.

Our conclusion is that the probate court properly disallowed the claim, and the cause is remanded for further proceedings in harmony with the view herein expressed.