STATE ex rel. RACHEL H. HOLDRIDGE v. PROBATE COURT OF HENNEPIN COUNTY and Others.[1]

July 1, 1910.

Nos. 16,517—(35).

**Inheritance tax — construction of act.**

Inheritance tax statute, R. L. Supp. 1909, § 1038, subd. 1 and 2, construed, and *held*, that inheritance taxes must be computed in all cases upon the true value of the inheritance above an exemption of $10,000; that when such valuation is less than $50,000 the tax rate thereon is one and one-half

[1] Reported in 126 N. W. 1070.

per cent.; that when such valuation is $50,000, or over, and less than $100,000, the rate is three per cent.; and that when such valuation is $100,000, or over, the rate is five per cent.

In the matter of the estate of Sarah P. Holdridge, deceased, the probate court for Hennepin county, George R. Smith, J., determined that the value of testator's bequest to Rachel H. Holdridge was $58,343.06; that the amount subject to inheritance tax was $48,343.06, the rate of tax thereon one and one-half per cent., and the amount of the tax at that rate was $725.15. Thereafter the court amended its order by making the rate three per cent. and the amount of tax $1,450.29. Upon the application of Rachel H. Holdridge this court issued its writ of certiorari to review the amended order.

Reversed and remanded with direction that the tax on the inheritance in this case be computed and determined to be $725.15 and no more.

*Helliwell, Keyes & Carroll*, for relator.

*George T. Simpson*, Attorney General, and *C. Louis Weeks*, Special Attorney, for respondent.

Start, C. J.

Certiorari to review an order of the probate court of the county of Hennepin, determining the rate and amount of the inheritance tax upon a legacy to the relator herein as sole beneficiary under her mother's will. The total value of the legacy was $58,343.06, from which the exemption of $10,000 was deducted, leaving $48,343.06 subject to the tax. The probate court determined the rate of the tax to be three per cent., and accordingly found the amount of the tax to be $1,450.29. It is the contention of the relator that this was error, in that the rate should have been limited to one and one-half per cent., and the amount of the tax to $725.15. Whether the rate should have been one and one-half per cent. on the amount of the legacy, or subject to the tax of three per cent., is the question presented by the record for our decision.

A solution of the question calls for a construction of the provisions of our inheritance tax statute sections 1, 2, c. 288, Laws 1905 (R. L. Supp. 1909, § 1038).

"Section 1. A tax shall be and is hereby imposed upon all inheritances, devises, bequests, legacies and gifts of every kind and description, of any and all persons and corporations, the value of which exceeds ten thousand dollars, and upon such excess only.

"Sec. 2. Such tax shall be computed upon the full and true value of such inheritance, devise, bequest, legacy or gift, above such excess, at the following rates, viz.: (1) When such valuation is over ten thousand dollars and less than fifty thousand dollars, the rate shall be one and one-half per cent. thereof. (2) When such valuation is fifty thousand dollars or over and less than one hundred thousand dollars, the rate shall be three per cent. thereof. (3) When such valuation is one hundred thousand dollars or over, the rate shall be five per cent. thereof."

It is obvious, upon a mere reading of this statute, that if we adhere to its strict letter it is ambiguous and inconsistent; but when read and construed with reference to the legislative intention manifest upon its face it is a consistent and workable statute.

There are certain of the provisions of the statute which are clear and definite, and disclose unerringly the legislative intention that all inheritances above a fixed exemption shall be taxed; that the exemption from taxation shall be $10,000; that inheritances shall be classified, and that the tax rate shall be progressive according to the value of the inheritance above the exemption; that the first class shall include all inheritances which are less than $50,000 in value, exclusive of the exemption, and that the rate for this class shall be one and one-half per cent.; that the second class shall include all inheritances which are $50,000 or over in value, exclusive of the exemption, and less than $100,000, and that the rate for this class shall be three per cent.; and, further, that the third and last class shall include all inheritances which are $100,000 or over in value, exclusive of the exemption, and that the rate for this class shall be five per cent.

Now, if we read the statute with this obvious legislative intention in mind, it is apparent that there are two verbal errors in the language used. The first one occurs in the first paragraph of section 2 in the use of the word "excess," instead of the word "exemption."

This is apparent from a consideration of the whole language of the statute. The second one occurs in inserting the words "over ten thousand dollars and" in subdivision 1 of section 2. The use of these words was evidently an abortive attempt to make it clearer that $10,000 of every inheritance should be exempt from the tax. The words, however, are palpably repugnant to the whole scheme and intention of the statute, and are meaningless when read in connection with the first paragraph of section 2, which provides that the tax shall be computed *on the value of the inheritance above the exemption.* It follows that subdivision 1 must be construed as if the words "over ten thousand dollars and" had been omitted therefrom.

So construing the statute, we hold that inheritance taxes must be computed in all cases upon the true value of the inheritance above an exemption of $10,000; that when such valuation is less than $50,000 the tax rate thereon is one and one-half per cent. thereof; that when such valuation is $50,000 or over, and less than $100,000, the rate is three per cent.; that when such valuation is $100,000 or over the rate is five per cent.; and, further, that the inheritance here in question falls within the first class, and is taxable only at the rate of one and one-half per cent., and that the total tax thereon is $725.15, and no more. State v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L. R. A. (N. S.) 732.

In the case cited the question of the proper construction of the statute as to the tax rate on an inheritance of less than $50,000 in value was before the court, and the statute was construed as in the case at bar. It is clear, from the opinion in the case cited and the conclusion reached, that it was the intention to hold that a tax was laid upon all inheritances less than $50,000 in value above the exemption at the rate of only one and one-half per cent.

Order reversed, and case remanded, with direction that the tax on the inheritance in this case be computed and determined to be $725.15, and no more.