# STATE EX REL. RHOBA E. GAGE v. PROBATE COURT OF HENNEPIN COUNTY and Others.[1]

October 28, 1910.

Nos. 16,516—(8).

**Payment of inheritance tax.**

Under chapter 288, Laws 1905, a tax upon an inheritance becomes due and payable when the beneficiary enters into actual possession and enjoyment of any portion of the bequest which exceeds in value the statutory exemption.

**Computation of tax.**

The tax so accruing must be computed upon the value, at the time of the decedent's death, of the right to receive the amount actually paid upon the date of its payment.

**Probate court — constitution.**

The duties imposed upon the probate courts by chapter 288, Laws 1905, are not in conflict with the constitutional provision defining the jurisdiction of those courts. ,

**Same — jurisdiction over future tax.**

The probate court, when assigning an estate to trustees for the beneficial use of another, has no power to find what taxes will accrue in the future.

**Rate of tax.**

The rate of taxation does not increase until the value of the inheritance, exclusive of the statutory exemption, reaches the larger values named in the statute.

Rhoba E. Gage, as executrix of the will of James E. Gage, deceased, and individually, and John C. Gage and Joseph P. Gage obtained from this court a writ of certiorari addressed to the probate court of Hennepin county and Honorable George R. Smith, judge thereof, to review the determination of that court relating to the tax imposed upon the Gage estate and the legacies and devises contained

[1] Reported in 128 N. W. 18.

in that will. Remanded with directions that the tax upon the payments made to Rhoba E. Gage and Joseph P. Gage be computed as indicated in the opinion, and the payment of both amounts be required as a condition for the acceptance of the account of the executrix and her discharge as such, leaving the balance of the tax to be collected by the state as it accrues.

*H. D. Irwin,* for relator.

*George T. Simpson,* Attorney General, and *C. Louis Weeks,* Special Attorney, for respondent.

*Cohen, Atwater & Shaw,* for the Estate of John C. Oswald, filed a brief by consent.

O'BRIEN, J.

The will of James E. Gage, who died January 25, 1908, bequeathed all of his property to his wife, Rhoba E. Gage, and William H. Donahue in trust for certain purposes. Those important to this decision are the following: (a) To pay to the widow during her life and while she remained unmarried the net income from the estate; (b) if the widow remarried, she was to receive in lieu of the entire net income one-fourth of the estate; (c) the residue of the estate was bequeathed to testator's two sons, John C. Gage and Joseph P. Gage, or their heirs, such residue to be held in trust until the youngest son, Joseph P. Gage, reached thirty-five years of age; (d) the trustees were empowered, during the existence of the trust, to make advances to the sons. Mrs. Gage and Judge Donahue were named as executors, and, Judge Donahue having died, Mrs. Gage, as the survivor, is now the sole executrix and trustee, with full powers under the will. The provisions of the will were accepted by Mrs. Gage, and she has not remarried.

In November, 1909, Mrs. Gage, as sole executrix, exhibited her final account in the probate court and petitioned for its allowance and the distribution of the estate according to the terms of the will. In connection therewith the probate court found the true and full value of the estate as inventoried, $208,427.45; the net value of the estate in the hands of the executrix when the account was exhibited, $327,548.32, less $31,588.26 paid to the widow pursuant to the will

as income from the estate, $32,330 advanced to Joseph P. Gage, and $8,830 advanced to John C. Gage, leaving a net balance of $254,800.-06. Upon this showing it was found that there was due as an inheritance tax one and one-half per cent. upon $21,588.26, the amount received by Rhoba E. Gage, after deducting the exemption of $10,-000, and a tax at the same rate upon $22,330, the amount received by Joseph P. Gage above the exemption. The amount of the advances to John C. Gage being less than the exemption, nothing was found due because of the sum received by him. The following findings were also made:

"Should the total amount received by Rhoba E. Gage under said will, in the future, when added to the $31,588.26 already received by her, exceed $50,000, the tax shall then be so computed as to make the entire tax on her inheritance three per cent. of the entire inheritance, less the exemption; and should the total amount received by her exceed $100,000, then an addition of two per cent. should be made to the three per cent. assessed on the basis of a $50,000 inheritance.

"Should the total amount received by Joseph P. Gage under said will, in the future, when added to the $32,330 already received by him, exceed $50,000, the tax shall then be so computed as to make the entire tax on his inheritance three per cent. of the entire inheritance, less the exemption; and should the total amount received by him exceed $100,000, then an addition of two per cent. should be made to the three per cent. assessed on the basis of a $50,000 inheritance.

"Should the total amount received by John C. Gage under said will, in the future, when added to the $8,830 already received by him, exceed $10,000, a tax of one and one-half per cent. should be imposed on the excess until the amount so received by him exceeds $50,000, at which time the tax shall be so computed as to make the entire tax on his inheritance three per cent. of the entire inheritance, less the exemption; and should the total amount received by him exceed $100,000, then an addition of two per cent. should be made to the three per cent. assessed on the basis of a $50,000 inheritance.

"A copy of deceased's last will and testament is hereto attached, marked 'Exhibit A,' and made a part of this order.

"Now, therefore, it is ordered and adjudged that the amount of inheritance tax due the state of Minnesota at this time from said estate is $658.77, of which $323.82 is due from Rhoba E. Gage and $334.-95 from Joseph P. Gage."

The findings of the probate court may therefore be summarized as follows: Each devisee or beneficiary under the will is entitled to receive $10,000 without the imposition of any tax, but all sums in excess of the exemption received by such individuals, whether paid from earnings or the body of the estate, are and will be subject to a tax at the following rates: One and one-half per cent. until the total amount received, including the exemption, exceeds $50,000; thereafter, and until the entire payments exceed the sum of $100,000, the tax shall be so computed as to return three per cent. upon the entire inheritance; and if the sums so received should, together with the exemption, exceed $100,000, the rate shall be so fixed as to yield a return of five per cent. upon the entire inheritance. The matter is here upon a return to a writ of certiorari issued to the probate court of Hennepin county upon the relation of the petitioners.

1. The validity of chapter 288, Laws 1905 (R. L. Supp. 1909, §§ 1038—1 to 1038—11,) providing for taxing inheritances, has been fully established by previous decisions of this court. State v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L.R.A.(N.S.) 732; State v. Probate Court of Hennepin County, 100 Minn. 192, 110 N. W. 865; State v. Probate Court of Hennepin County, 101 Minn. 485, 112 N. W. 878; State v. Probate Court of Hennepin County, 111 Minn. 297, 126 N. W. 1070.

Section 1 of the act is: "A tax shall be and is hereby imposed upon all inheritances, devises, bequests, legacies and gifts of every kind and description, of any and all persons and corporations, the value of which exceeds ten thousand dollars ($10,000), and upon such excess only." That the bequests already described as contained in the will of Mr. Gage are covered by this language cannot be doubted, so that the main question must be whether the other sections of the act, providing the method for computing the tax can be applied to these particular bequests, and, if so, in what manner.

Section 2 of the act declares the tax shall be computed upon the

full and true value of the inheritance; section 3, that the tax shall take effect upon the death of the donor and be due and payable in one year, except in case the bequest is contingent, and by reason thereof its full and true value cannot be ascertained within the time specified, in which case the tax becomes due and payable when the beneficiary comes into the actual enjoyment and possession of the bequest.

The date upon which the tax upon a contingent bequest becomes due and payable was considered in State v. Probate Court of Hennepin County, 100 Minn. 192, 110 N. W. 865. In that case, which arose during the probate proceedings upon the estate of John Martin, it was held that where an estate was given to trustees the tax did not become due and payable until the beneficiary came into the actual use and enjoyment of the estate or some part of it, but that when he did come into such actual enjoyment of any portion of the bequest, either an instalment of income or because of a partial distribution of the body of the estate, the tax immediately accrued upon the part so received.

It is claimed the only question before the court in the Martin case was the right to insist upon the collection of the tax at the time the estate passed from the hands of the executors into the possession of the trustees, and that the question here presented as to the taxation of incomes derived from an estate in the hands of trustees was not involved or argued in the Martin case. Without stopping to consider how far that phase of the Martin case is controlling, we hold that the rule there stated was correct.

The statute provides for the taxation of all bequests above the amount exempted. All the authorities agree this is a tax upon the right to take the bequest. When a testator gives the beneficial use of his estate for a limited time to one person, after which the corpus of the estate goes to another, it would not be claimed that the right of each legatee would not be subject to taxation. The fact that both bequests are to the same individual should not change the result. To hold otherwise would defeat the entire purpose of the statute, the first section of which can only be given effect by insisting that, when the amount actually paid exceeds the exemption, a tax based on

such amount is then due. It was not, however, attempted in the Martin case to say how or at what rate the taxes which would sub-sequently accrue should be computed. That question, so far as concerns the portion of this estate which has passed to the beneficiaries, is before this court for the first time.

2. We have next to consider the effect of section 15 of the act, which reads: "Every inheritance, devise, bequest, legacy or gift upon which a tax is imposed under this act shall be appraised at its full and true value immediately upon the death of decedent, or as soon thereafter as may be practicable. Provided, however, that when such devise, bequest, legacy or gift shall be of such a nature that its full and true value cannot be ascertained at such time, it shall be appraised in like manner at the time such value first becomes ascertainable."

It is claimed by relator that before any tax is due the full and true value of the bequest at the date of the donor's death must be ascertained; that, while section 15 postpones the time for ascertaining the value, it still must be found as of the date of the donor's death, as provided by section 3. This is claimed to be impossible here, as no one can say how long Mrs. Gage will remain unmarried, and so the value of the inheritance cannot be computed by any known rule, and, further, that, inasmuch as the rate at which the tax is imposed depends upon the value, no rate can be fixed until the full and true value of the bequest as an entirety is ascertained.

It must be conceded that, if each provision of the statute is literally followed, the result claimed would be the one arrived at; but all the provisions of the law must be given effect, and, if possible, a harmonious conclusion reached. These statutory provisions may be thus summarized: Each bequest above the exemption is subject to a tax at a minimum rate of one and one-half per cent. upon its value at the death of the donor; its full value to be ascertained as soon as possible, and the tax to be paid within one year from the date of the donor's death, or, if payment is contingent, then when actually paid over. The stumbling-block is the impossibility of determining the true value of the entire bequest as of any date.

When a particular individual claims exemption from burdens

which the law imposes upon all alike, and bases his claim upon provisions of the statute which refer exclusively to the methods to be employed, it is the duty of the court to construe those provisions so as, if possible, to give effect to the statutory intent. Matter of Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L.R.A. 836; Matter of Enston, 113 N. Y. 174, 21 N. E. 87, 3 L.R.A. 464.

The requirement for the ascertainment of the full value is plainly for the purpose of securing full payment to the state, and if in any case it appears that the tax at the minimum rate has accrued upon a definite amount, as to which the beneficiary has entered into the actual use and enjoyment, he will not be heard to claim that no tax can be collected because in the future it may appear that he should have been taxed at a higher rate upon a larger amount. It seems reasonable to say that the protestant should be required to show that he would be singularly burdened by such construction. We agree with the contention of relator's counsel that, no matter when the valuation takes place, it is to be made as of the date of testator's death. We have, then, to consider whether the provision imposing the tax can be given effect in a case like the present without imposing any additional burden upon the beneficiaries.

Mrs. Gage, upon the death of her husband, became entitled to a portion of his estate. The value of this is subject to taxation at a rate which in no event can be less than one and one-half per cent. The amount and time of a payment to her in accordance with the bequest are now definitely fixed, and it only remains to determine the value of her right to that amount, payable at the time it was paid, computed as of the date of her husband's death. The amount of the tax now due upon the payment to her is not one and one-half per cent. upon the amount so received, but a tax at that rate upon the value of her right at the date of her husband's death to receive the sum actually paid at the time it was actually paid. In other words, as to the amount actually received by Mrs. Gage, all contingencies having been removed, it was for the probate court to determine what, on January 25, 1908, was the value of $31,588.26 payable upon the date of its actual receipt. From the value so ascertained there should then be deducted the exemption $10,000, and the tax computed upon

the remainder; the rate, in this instance, to be one and one-half per cent.

This results in placing no undue burden upon her, as, if the same method is followed as to each successive payment made to her, the aggregate of the taxes so paid cannot exceed a tax computed upon the value of the inheritance as an entirety, based upon the amounts actually received by her. If, upon the other hand, the custodians of the estate are at liberty to transfer it to the beneficiaries in instalments, and the state in the meanwhile can collect no tax even upon the amount transferred, the result may be the loss of the tax altogether.

This view is in harmony with the decision of this court in the Martin case, already referred to; also with that rendered in the Oswald estate. State v. Probate Court of Hennepin County, 101 Minn. 485, 112 N. W. 878. And while we do not find this particular question, viz., the right to assess and collect the tax upon instalments, discussed in the decisions of other states to which we have been referred, we think our holding is in harmony with the reasons upon which those decisions are based. In Estate of Millward, 6 Misc. 425, 27 N. Y. Supp. 286, a decision by the surrogate, it is said in the syllabus: "The value of a bequest to testator's widow for life, or until she marries again, cannot be determined for the purpose of taxation under the transfer tax law, until termination of the widow's estate." Apparently the case was not carried further than the surrogate's court, and the only question considered seems to have been whether the valuation upon the bequest as an entirety could be made while its value was dependent upon whether the beneficiary remained unmarried.

But, generally speaking, the cases cited have been with reference to the possibility of valuing an estate to commence in the future and upon the happening of some contingency. We fully agree with the proposition that it is impossible to value an estate so long as it is impossible to say when it will begin or who will be its beneficiary. Thus, in the present case, it would be impossible to say now the value of the entire inheritance which may ultimately go to the sons of the deceased or their heirs; but, upon the other hand, there is no difficulty in arriving at the value of what any one of the beneficiaries

has already received. Matter of Stewart, supra; Matter of Sloane, 154 N. Y. 109, 47 N. E. 978; Matter of Roosevelt, 143 N. Y. 120; Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311; Matter of Curtis, 142 N. Y. 219, 36 N. E. 887; Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of Cager, 111 N. Y. 343, 18 N. E. 866; People v. McCormick, 208 Ill. 437, 70 N. E. 350, 64 L.R.A. 775; Billings v. People, 189 Ill. 472, 59 N. E. 798, 59 L.R.A. 807.

It is not necessary that we should discuss the propriety of finding due the tax upon the amount paid to Joseph P. Gage, as everything which has been said with reference to the payments to Mrs. Gage applies with much greater force to him; he having come into possession of a portion of the body of the estate.

3. The validity of the entire act is attacked, upon the claim that it conflicts with section 7, art. 6, of the constitution of Minnesota, prescribing the jurisdiction of the probate courts of this state. It is argued that the proceedings in the probate court amounted to the levying, assessment, and collection of taxes, and that the constitution limits the probate courts to jurisdiction over estates of deceased persons and persons under guardianship.

There can be no question that the jurisdiction of the probate court is limited to the subjects named; but neither can there be any doubt that such jurisdiction includes every matter necessarily connected with the administration of estates, as well as the conduct and duties of executors and administrators. Courts of probate in this state are courts of record, and part of the judicial department of the state, exercising judicial powers within the special jurisdiction possessed by them. It is entirely proper that, as a prerequisite to the discharge of the executor or administrator, he be required to satisfy the probate court that he has paid the tax imposed by statute. The ascertainment of the amount of such tax is a judicial question, and, being a necessary proceeding in the administration of the estate of deceased persons, may be properly committed to the probate court. Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977.

4. We agree with counsel for relator that the probate court had no authority to provide for the future payment of taxes, or to determine when or under what circumstances the rate of taxation would

increase. In this respect we hold the findings of the probate court went too far. Nor do we feel justified at this time in attempting to say that the rate of taxation will in the future be increased. The question now before this court is: What tax has accrued? And we feel we must limit ourselves to that question.

5. We also hold that counsel for relator are correct in their contention that in no event will the rate of taxation be increased to three per cent. until the value of the right acquired by the beneficiary exceeds, exclusive of the statutory exemption, $50,000; and in like manner the rate cannot be increased to five per cent. until such value, exclusive of the exemption, exceeds $100,000. It is but fair to say that, since the findings here considered were made by the probate court, the decision of this court was rendered in State v. Probate Court of Hennepin County, 111 Minn. 297, 126 N. W. 1070, in which this question was fully considered, and decided in accordance with relator's contention.

The findings of the probate court must therefore be set aside, and this proceeding remanded, with directions that the tax upon the payments made to Rhoba E. Gage and Joseph P. Gage be computed as indicated in this opinion, and the payment of both amounts be required as a condition for the acceptance of the account of the executrix and her discharge as such, leaving the balance of the tax to be collected by the state as it accrues.

It is so ordered.