STATE EX REL. THEOPHIL BASTING AND OTHERS v. PRO-
BATE COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

January 21, 1916.

Nos. 19,479—(155).

Inheritance tax.

> Under Laws 1905, chapter 288, prior to the amendments made by Laws
> 1911, chapter 209, a tax upon an inheritance was computed upon the value
> at the time of the decedent's death of the right to receive the amount
> actually paid at the date of its payment; and it became due when the
> beneficiary entered into the possession and enjoyment of any part exceed-
> ing the statutory exemption.

Upon the relation of Theophil Basting as sole surviving executor and
trustee of the will of John C. Oswald, deceased, and the sole heirs at
law of said decedent and sole beneficiaries of the trust created by his
will, this court granted its writ of *certiorari* to review the action of the
probate court for Hennepin county, Dahl, J., in the matter of determin-
ing the inheritance taxes upon the bequests to the beneficiaries of the
trust created by testator's will.   Affirmed.

*William B. McIntyre* and *Cohen, Atwater & Shaw,* for relators.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assist-
ant Attorney General, for respondents.

DIBELL, C.

Writ of *certiorari* to review the order of the probate court of Hennepin
county fixing the inheritance tax upon the estate of John C. Oswald,
deceased.  The decedent died testate on June 13, 1905.  The estate was
here before on a tax inheritance proceeding and reference to it may
be had for facts not thought necessary to be stated in detail here.  State
v. Probate Court of Hennepin County, 101 Minn. 485, 112 N. W. 878.

Decedent left three daughters.  Specific bequests of $5,000 annually
for a period of ten years were given to each and an additional bequest

[1] Reported in 155 N. W. 1077.

of $10,000 at the end of the fifth year; and a number of small bequests were made to various persons. The residue of the estate was then devised to Theophil Basting and another, as trustees, with a direction that they keep the estate for a period of ten years, with the power to continue the decedent's business, and at the end of the ten-year period distribute it as in the will provided. The right of the various beneficiaries named to share in the final distribution was at the time uncertain and contingent. The ten-year period has passed and the ones entitled to the residue are the three daughters. The court found that the value of the *corpus* of the trust fund at the time the three beneficiaries became entitled to it was $918,653.98; that the present worth of the share of each daughter, computed as of June 13, 1905, the date of the death of the decedent, was $170,990.04; that the present worth, on the same date, of the money bequests to each daughter, was $41,481.05; and that the tax inheritance of each daughter should be computed on $212,471.09, less an exemption of $10,000.

Under Laws 1905, p. 427, c. 288, prior to the amendments made by Laws 1911, p. 274, c. 209, a tax upon an inheritance was computed upon the value at the time of the decedent's death of the right to receive the amount actually paid at the date of its payment; and it became due when the beneficiary entered into the possession and enjoyment of any portion of the inheritance exceeding the statutory exemption. State v. Probate Court of Hennepin County, 112 Minn. 279, 128 N. W. 18; State v. Probate Court of Hennepin County, 100 Minn. 192, 110 N. W. 865.

The court adopted the correct basis of computation. It is of course understood that we are not stating the basis of computation of an inheritance tax governed by the amendments of 1911.

Order affirmed.