## IN RE ESTATE OF ALBERT E. RICE.

July 3, 1925.

No. 24,774.

**Succession tax when bequest is left in trust to accumulate until stated date and then to be distributed.**

> Where a bequest of money is made to executors, in trust, to be invested and accumulations added, and all held until a stated date and then distributed, the succession tax under G. S. 1923, § 2294, takes effect upon the death of the decedent, is based upon present value which is the amount of the bequest, and is payable out of the fund, though it is not then determinable who will enjoy the bequest ultimately, nor the amount of tax which the state should finally receive, and though under certain contingencies it may be required to refund.

See Taxation, 37 Cyc. pp. 1575 (Anno) 1584.

Upon the relation of the attorney general the supreme court granted its writ of certiorari directed to the probate court for Kandiyohi county to review the action of that court, Rodegeb, J., in determining inheritance taxes upon the estate of Albert E. Rice. Reversed.

*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assistant Attorney General, for relator.

*T. O. Gilbert,* for respondents.

[1]Reported in 204 N. W. 543.

DIBELL, J.

Certiorari to the probate court of Kandiyohi county to review its order determining the succession tax upon the estate of Albert E. Rice, who died testate on September 11, 1921.

Cushman A. Rice was the residuary devisee. He received property of the value of $415,916.88, upon which, less his exemption of $10,000, a tax of $14,986.68 was adjudged. In addition to the amount received as residuary devisee he may or may not take under a provision of the will bequeathing $50,000 in money to the executors, in trust, as follows: To invest and add accumulations until January 1, 1930; then to pay the fund and accumulations to Cushman A. Rice, if living; if dead, leaving issue, then to the issue; and, if dead, without issue, to the school district of Willmar to be used in the construction of a gymnasium and drill hall. Cushman A. Rice is living.

No complaint about the tax of $14,986.68 is made by the state or the executors. The state claims that the $50,000 bequest is presently taxable at 4 per cent and should pay $2,000. If taxable now, there is no dispute about the rate. The executors claim that it is uncertain who ultimately will receive the fund, and so it is; that the amount of the tax the state finally should have is dependent upon the question, not determinable now, who will enjoy the fund, and this is so; and that therefore the fund is not presently taxable. The probate court so held.

The statute provides that succession taxes shall take effect upon the death of the decedent; that when property is bequeathed in trust, and the interests or estates are dependent upon contingencies or conditions whereby they may be created, defeated or extended, a tax shall be imposed upon the transfer at the highest rate which, on the happening of any of the contingencies or conditions, will be possible under the provision of the act; that the tax shall be due forthwith and paid out of the trust fund; that if the happening of a contingency results in a transfer to a person or corporation exempt from taxation, or to a person taxable at a less rate than the rate paid, there shall be a return of all, or the excess paid, with interest;

and that the tax on any devise dependent or determinable upon the happening of a contingency, by reason of which the present true value cannot be ascertained, becomes due and payable when the person or corporation beneficially entitled comes into actual possession or enjoyment. G. S. 1923, § 2294; G. S. 1913, § 2273, as amended.

There is no question of the present value of the specific bequest in trust. It is $50,000 in money; and the accumulations are added and pass with it to the beneficiary on January 1, 1930. Who will get it is uncertain. It may shift. What tax the state eventually should have is dependent upon contingencies. It may be required to refund; but under the provisions of the statute to which we have referred the bequest in trust is taxable at its face, which is its present value, and at the rate which it would bear had Cushman A. Rice received it. The principle stated in State v. Probate Court, 136 Minn. 392, 162 N. W. 459, is controlling, though there it was necessary to compute present value since the income from the trust fund was not accumulated. We quote a pertinent portion of the opinion:

"If the tax rate cannot be definitely determined at the time of the transfer, the tax is to be paid at the highest rate to which the transfer would in any event be subject, and, if it eventually transpires that the succession which actually happens is taxable at a lower rate, the excess of tax is to be refunded with interest.

"That the rate at which the succession will ultimately be taxable may be uncertain, or that the persons to whom the succession will ultimately pass may not yet be known, or that the amount of property which will go to a particular person may depend upon the happening of a future contingency, is not made a ground for deferring the payment of the tax. * * *

"The tax upon this value [present value] is required to be paid presently by the executor or trustee and out of the trust fund. This requirement is not affected by the fact that, upon the happening of certain contingencies, the right to the succession may shift from certain designated beneficiaries to certain other designated beneficiaries, some of whom may now be unknown or not in being."

The court cited cases from New York, Illinois and Wisconsin, which have a similar statute, and where the holdings were the same. We add from each jurisdiction a case since decided, following the earlier holdings. Matter of Parker, 226 N. Y. 260, 123 N. E. 366; People v. Lowenstein, 284 Ill. 126, 119 N. E. 917; Estate of Stephenson, 171 Wis. 452, 177 N. W. 579.

Counsel for the state cites a line of cases of which State v. Probate Court, 112 Minn. 279, 128 N. W. 18, is typical, holding that the inheritance tax becomes payable when the beneficiary enters into the enjoyment of the estate. These cases arose prior to L. 1911, p. 274, c. 209, making the tax take effect upon death, as was noted in State v. Probate Court, 132 Minn. 104, 155 N. W. 1077.

Upon the going down of the remittitur the tax on the $50,000 bequest will be determined in accordance with this opinion.

Reversed.