In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of CORNELIUS VANDERBILT, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; WILLIAM K. VANDERBILT et al., as Executors et al., Respondents.

1. TAX — TRANSFER TAX UPON CONTINGENT REMAINDERS PAYABLE FORTHWITH OUT OF PROPERTY TRANSFERRED. The rule that future contingent estates are not taxable under the Transfer Tax Act (L. 1896, ch. 908, § 230; amd., L. 1897, ch. 284) until they vest in possession and the beneficial owner ascertained, has been changed by chapter 76 of the Laws of 1899, which provides that "When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable  ·

forthwith, out of the property transferred," so that the tax is payable forth-
with out of the property transferred, and whoever may ultimately take
the property takes that which remains after its payment. The tax is not
upon property, but still remains a tax upon succession.

2. Method of Imposing Tax. An estate in trust created by will for
specified periods, with a remainder vested in the beneficiary subject to be
defeated by his death before the expiration of such periods, must be sep-
arately appraised and the transfer tax determined according to the per-
centage fixed by the statute for those who are contingently entitled to
the estate, and when fixed the tax is forthwith payable out of the trust
estate.

*Matter of Vanderbilt,* 68 App. Div. 27, modified.

(Argued June 12, 1902; decided October 7, 1902.)

Appeal from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered May
12, 1902, which affirmed an order of the New York County
Surrogate's Court assessing a transfer tax upon the estate of
Cornelius Vanderbilt, deceased.

The facts, so far as material, are stated in the opinion.

*G. D. B. Hasbrouck* for appellant. The surrogate erred
in refusing and neglecting to tax the transfers of remainders
made by the 17th clause of the will of Cornelius Vander-
bilt. (*Matter of Sherman,* 153 N. Y. 4; *Knowlton* v. *Moore,*
178 U. S. 55; *Matter of Knoedler,* 140 N. Y. 380; *Murdock*
v. *Ward,* 178 U. S. 146; *Eyre* v. *Jacob,* 14 Gratt. 430; *Strode*
v. *Commonwealth,* 52 Penn. St. 185, 189; *Schooley* v. *Rew,*
23 Wall. [U. S.] 331; *Miller* v. *Miller,* 18 Hun, 507; *Mat-
ter of Dows,* 167 N. Y. 231; *Plummer* v. *Ward,* 178 U.
S. 115.)

*Chandler P. Anderson* and *Henry B. Anderson* for
respondents. No tax can be assessed upon estates or interests
in expectancy which are contingent or defeasible until they
vest absolutely in possession or enjoyment. (*Matter of Gould,*
156 N. Y. 423; *Matter of Curtis,* 142 N. Y. 219; *Matter of
Roosevelt,* 143 N. Y. 120; *Matter of Hoffman,* 143 N. Y.
327; *Matter of Davis,* 149 N. Y. 539; *Matter of Gibson,*

157 N. Y. 680.)   The rule established by the cases cited, so far as it applies to the case at bar, has not been changed by the amendment of 1899 to section 230 of the Tax Law, either with respect to the character of the tax imposed, the method of its computation, or the date of its assessment. (*Matter of Howell*, 34 Misc. Rep. 434; *Matter of Pell*, 171 N. Y. 56.) The act does not impose a tax with respect to property subject to a power of appointment until the exercise of the power. (*Matter of Dows*, 167 N. Y. 227.)   The facts of the case at bar bring it exactly within the application of the rules above stated. (*Warner* v. *Durant*, 76 N. Y. 133; *Steinway* v. *Steinway*, 163 N. Y. 197; *Zartman* v. *Ditmars*, 37 App. Div. 173; *Vawdry* v. *Geddes*, 1 R. & M. 203; *Smith* v. *Edwards*, 88 N. Y. 107; *Dimmick* v. *Patterson*, 142 N. Y. 322.)

HAIGHT, J.   Prior to an amendment of 1899 the Transfer Tax Law (L. 1896, ch. 908, section 230, as amended L. 1897, ch. 284), provided that "Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof *   *   *." Under this statute it has repeatedly been held that future contingent estates were not taxable until they vested in possession and the beneficial owner could be ascertained.   The question now presented is as to whether this statute has been changed. The legislature, by chapter 76 of the Laws of 1899, amended section 230 of the Tax Laws, known as chapter 908 of the Laws of 1896, by which the provision of the statute quoted is omitted and in place thereof we have the following: "Whenever a transfer of property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable." Then follow provisions particularly specifying the manner in which the value of future or limited estates shall be determined. Then it is provided that "When property is transferred in trust or otherwise, and the rights, interests or estates of the

transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith, *out of the property transferred.*"

It seems to me clear that the legislature by this amendment intended to change the law upon the subject and to make the transfer tax, upon property transferred in trust payable forthwith. The tax is not required to be paid by the conditional transferee, for, by the provisions of the statute, it is to be paid " out of the property transferred." So that whoever may ultimately take the property takes that which remains after the payment of the tax. This amendment makes provision for property transferred in trust. It, therefore, contemplates defeasible transfers as well as absolute transfers.

By the seventeenth clause of the will of the testator the residue and remainder of his estate was given in trust to his executors for the benefit of his son Alfred G. Vanderbilt, which trust is to continue until he becomes thirty years of age, at which time one-half of the trust estate is to be turned over to him, and, as to the balance, the trust is to continue until he becomes thirty-five, when the remainder is to become his absolutely. The will also contains a provision that in case he dies before becoming thirty or thirty-five the estate shall be given to other persons. The only contingency, therefore, that can happen to defeat his taking the estate in possession is his death before the period fixed for the transfer of the possession of the property to him. The estate created, therefore, is an estate in trust for the periods mentioned, with a remainder vested in Alfred G., subject to be defeated by his death before arriving at the age of thirty or thirty-five. (*Matter of Seaman*, 147 N. Y. 72 ; *Campbell* v. *Stokes*, 142 N. Y. 23 ; *Manice* v. *Manice*, 43 N. Y. 370 ; *Warner* v. *Durant*, 76 N. Y. 133 ; 2 Washburn on Real Property, 629.)

Under the view taken by me of this statute, the transfer

tax still remains a tax upon succession. Each trust estate created is to be separately appraised and the tax determined according to the percentage fixed by the statute for those who are contingently entitled to the estate; and when fixed, the tax is forthwith payable out of the trust estate.

The order of the Appellate Division and that of the surrogate should be modified as indicated herein, and the proceedings remitted to assess the tax, with costs to the Comptroller.

CULLEN, J.    I vote for the reversal of the order below. It is conceded that the statute on its face provides for the immediate taxation of the whole *corpus* of the trust estate, regardless of the fact that the persons who may ultimately receive either the whole or part of such *corpus* cannot now be ascertained, and for the payment of the tax out of the fund. I concede that if the statutory scheme creates a property tax it cannot be sustained. I think that such is the doctrine of the *Pell Case* (171 N. Y. 48) in which I fully concurred. But in my opinion the tax now sought to be imposed is not a property tax and the *Pell* case is not an authority for such a claim. In that case the interests of the devisees and legatees attempted to be taxed were given by the will of the testator who had died long prior to the enactment of any inheritance tax. Technically they may have been, and probably were, vested subject to be divested by death before the demise of the life tenant, but in the ordinary sense of the term they were contingent, that is to say, it was impossible to determine who would actually enjoy the property until the death of the life tenant. Nevertheless the interests of the devisee accrued on the death of the testator, and at that instant, and were immune from legislative attack whether contingent or vested. (*Brevoort* v. *Grace*, 53 N. Y. 245.) We, therefore, held that the legislature could not impose a tax on the transfer of property which had previously been made. This case presents a situation the reverse. True, it cannot now be told who will ultimately enjoy the *corpus* of the estate till the life tenant dies or arrives at the prescribed age. But the legis-

lature might have forbidden the suspension of the absolute ownership of the property for any period whatever as it has forbidden suspension for more than two lives in being. As said by the Supreme Court of the United States of the inheritance tax: "The right to take property by devise or descent is the creature of the law, and not a natural right — a privilege, and, therefore, the authority which confers it may impose conditions upon it. From these principles it is deduced that the states may tax the privilege." (*Magoun* v. *Trust Co.*, 170 U. S. 283; *Matter of Dows*, 167 N. Y. 227.) There, fore, the state can say a devise or bequest may be made where the interests are contingent or the ultimate beneficiaries unknown till after some period, but in such case there shall be exacted from the beneficiaries, whoever they may prove to be, a tax to be presently taken out of the property. This, in effect, it has said, for the provision of the Transfer Tax Law under consideration was in force at the time of the testator's death. The fact that the tax is to be paid out of the property does not render it a tax on property. In both the federal and state inheritance tax laws are to be found provisions, in the case of personalty, requiring the executor to deduct the amount of the tax before turning over the legacy to the lega- tee, and in the case of realty making the tax a lien on the property; yet nobody has supposed that these provisions render the tax a property tax. If such was their effect, neither the federal nor state statute could be upheld. A tax is a property tax when imposed by reason of the ownership of property; a transfer tax when imposed on the method of its acquisition.

O'BRIEN, J. (dissenting). The will of Cornelius Vander- bilt, who died on the 12th day of September, 1899, was admit- ted to probate on the 8th day of November, 1899, and dis- posed of a very large estate. The appraiser appointed by the surrogate reported that the entire estate disposed of amounted to something over fifty-two million dollars. Under the statute providing for the taxation of transfers of property by will a

tax was imposed and paid of over three hundred and twenty-five thousand dollars. The state comptroller claims that the estate should pay one hundred and eighteen thousand dollars more than has been imposed by the courts below and this controversy comes here upon the appeal of that official from the decisions below declaring and adjusting the transfer tax. The controversy is, therefore, between the state, represented by its principal financial officer, on the one side and the executors and trustees under the will, and Alfred G. Vanderbilt, a son of the deceased, and the principal residuary legatee under the will, on the other.

But one question has been argued and submitted upon the appeal and but one question is involved and that is whether a tax should be assessed as of the date of the testator's death upon certain possible future interests in portions of the estate disposed of in trust, to which there is no one now absolutely entitled either in possession or expectancy. It will not be necessary here to give all the details of this trust since they have been fully stated in the learned opinion below. (68 App. Div. 27.) The legal question in the case will be sufficiently stated by reference to those future contingent interests created by the will in favor of the son Alfred G. He insists that these interests are not now taxable, and this contention, if correct, really disposes of the whole controversy. All the other questions in the case are subordinate to the question concerning these interests, and unless they are taxable none of the other interests are. The review of the case in this court may, therefore, be very properly confined to those objections which he has presented, through his counsel, to the right of the state to impose a tax upon him based upon such future interests.

The residuary estate was given by the will to the executors in trust for the use of Alfred G. He was to receive the income until he arrived at the age of thirty years, when he was to be put into full possession of one-half the fund and to receive the income of the balance until he arrived at the age of thirty-five years, when he was to be put in possession of

the balance of the fund.   But in case of his death without
issue before he became thirty years old, then the fund was to
go to his brother upon certain other trusts and ultimately to
his brother's children if any ; and in case of the death of
Alfred G. before he became thirty-five years old, leaving issue,
then the portion of the estate that had not come to his pos-
session was to be held upon further trusts for the benefit of
the children, but if he died before that time without issue,
then his brother was to take his place as the beneficiary
of the fund, the *corpus* to be disposed of eventually accord-
ing to further directions in the will.   In other words, if Alfred
G. should die before he arrived at the age of thirty he would
receive no part of the residuary estate.   If he died after thirty
and before thirty-five he would receive only a moiety of the
fund.   The question is whether these future contingent inter-
ests, of which he may never come into the possession or enjoy-
ment, are taxable as transfers to him of property by will.
Whether these remainders vested upon the death of the tes-
tator, subject to being divested by the happening of any of
the contingencies mentioned, is of very little consequence in
the solution of the question with which we are now concerned.
That question is whether a person can be taxed as upon a
transfer of property to him by will before any transfer is
made or consummated.   In other words, can he be taxed for
something that he has not yet received and may never receive ?
The learned counsel for the state contends that this is not
only possible, but that the lawmakers intended to accomplish
just that result.   Before discussing these questions it will not
be out of place to observe that the power of the legislature is
not only subject to constitutional limitations but to restrictions
growing out of the very nature of the subject with which
they may attempt to deal.   If, for example, it should attempt
to pass a law for taxing the expectancy of a sole heir, during
the lifetime of the parents, it would be difficult to suggest
how such a law could be given any reasonable or practical
effect, even if it could pass the ordeal of a constitutional test.
Things that in their nature are impossible of accomplishment

are not simplified much by a formula of words enacted into the form of a statute.

Until quite recently the taxation of future contingent estates or remainders, such as have been created and limited by the will in question, was governed by the following statute: "Estates in expectancy which are contingent or defeasible shall be appraised at their full undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation, upon which said estates in expectancy may have been limited." This court held repeatedly that under that statute the future contingent estates therein mentioned were not taxable until they vested in possession and the beneficial owner could be ascertained. (*Matter of Hoffman,* 143 N. Y. 327; *Matter of Curtis,* 142 N. Y. 219; *Matter of Davis,* 149 N. Y. 539; *Matter of Roosevelt,* 143 N. Y. 120; *Matter of Gibson,* 157 N. Y. 680; *Matter of Dows,* 167 N. Y. 227.) It was also held that the word "transfer" is used in the statute in its ordinary legal signification, namely, that the owner of a thing delivers it to another with the intent of passing the rights which he has in it to the latter. (*Matter of Gould,* 156 N. Y. 423.) That definition of a taxable transfer is just as correct now as when the above case was decided. There would be no difficulty whatever in determining the controversy but for the change in the phraseology of the statute which is found in chapter 76, Laws of 1899. The statute quoted above was then amended and a section very long and much involved substituted in its place, but no further change was made. It is this amendment upon which the state bases its contention in this case, and it is by virtue of that statute that it is claimed that Alfred G. Vanderbilt is subject to taxation upon something that he has not yet acquired and may never acquire. The material part of the amendment reads as follows: "Whenever a transfer of property is made upon which there is, or in any contingency there may be, a tax imposed,

such property shall be appraised at its clear market value
immediately upon such transfer, or as soon thereafter as prac-
ticable.   *   *   *   When property is transferred in trust or
otherwise, and the rights, interests or estates of the transferees.
are dependent upon contingencies or conditions whereby they
may be wholly or in part created, defeated, extended or
abridged, a tax shall be imposed upon said transfer at the
highest rate which, on the happening of any of the said con-
tingencies or conditions, would be possible under the pro-
visions of this article, and such tax so imposed shall be due
and payable forthwith out of the property transferred." The
question is whether this new language has effected any sub-
stantial change in the law as it existed before.   It purports to
operate upon property *transferred* in trust or otherwise, and
the tax is payable out of the property *transferred*.   In order
to bring a case within the law we must find some one who has
acquired a title to property from some one else.   If the law is
applicable to this case, we must hold that the title of the tes-
tator has passed or has been *transferred* to his son Alfred G.
by the terms of the will.   If there is anything settled in the
law governing this class of cases it is that the will or instru-
ment must transfer or convey some beneficial interest.   Some
one must actually acquire something of value, capable of
appraisal and possessing at least some of the attributes of
property.

The learned court below has very justly observed, in sub-
stance, that it would be a very easy and comfortable solution
of the difficulties presented by this case to say that since the
legislature has changed the language of the statute it must
have intended to change the law to conform to the contention
of the learned counsel for the state.   That, however, would be
taking a very superficial view of the questions, not at all credit-
able to the court, and moreover unjust to the parties since
they are entitled to have their legal rights determined upon
some reasonable principle.   That the legislature intended to
tax this entire estate, as it existed at the moment that the
testator ceased to own it, I think there can be no reasonable

doubt.   But it does not follow by any means that this purpose has been accomplished or that it was legally possible, under the circumstances, to effectuate what was attempted. There is not the slightest difficulty in understanding the language employed in this statute as imposing a tax upon the entire estate including the fund disposed of in trust with contingent remainders limited thereon.   Indeed, if language is to be understood in its ordinary and natural sense, that was the plain purpose of the lawmakers and the only rational construction to be placed upon the statute.   But this view is fatal to the contention of the learned counsel for the state since the tax would then be a tax upon property and open to the objection that it is imposed upon a limited and special class of persons who have acquired it potentially in a particular manner, that is to say, by way of contingent remainders in wills. This fund is already taxable as property in the hands of the trustees under the general law applicable to the taxation of all property.   It is not competent for the legislature to impose a double tax upon it because it is acquired by will.   The legislature may not single out a particular class of property in the hands of a few persons that is to pass to some one in the future under contingent remainders in wills and impose what is virtually a double tax on such property.   That is not a legitimate exercise of the taxing power, but deprives a person of his property without due process of law and denies to him the equal protection of the laws.   This principle is very clearly foreshadowed, if not actually decided, in a recent case in this court.   (*Matter of Pell*, 171 N. Y. 48.)   It is quite significant, too, that the case arose upon the very section of the statute now under consideration.   In that case the tax was either a property tax or a tax upon transfers that had taken effect years before the law was passed and as to which it was retroactive.   In either case it was held to be an unconstitutional invasion of vested rights or property interests, and, therefore, inoperative.   So, in this case, the tax is either upon property or upon the transfer of a contingent future interest to some one now unknown and impossible of present identification.

The conclusion, therefore, that the tax is upon property, as such, must not only be avoided at every stage of the argument, but it must be shown that it is a tax upon a transfer to Alfred, although he has no beneficial interest and may never have. It would be mere casuistry to attempt to show that the testator transferred the *corpus* of this fund to his son when every one knows that he has no present beneficial interest in it and may never have. It is suggested that there was a transfer from the testator to the trustees and so there was, but that carried to them no beneficial interest whatever but only the naked title for the purposes of the trust. There must still be a beneficial interest in the transferee in order to constitute a taxable transfer. To impose a tax upon the fund in the hands of the trustees would deplete the trust in its very inception, and, moreover, it would be nothing else than a tax on property. No amount of argument can obscure the plain fact that to impose a succession tax of one per cent on this fund in the hands of the trustees who do not own it and have no beneficial interest would be a property tax under another name. The transfer tax is to be based upon the market value of the property transferred. It is manifest that this provision cannot possibly be applied to this case since the future contingent interests, said to be transferred by the will, cannot in the nature of things have any market value whatever. Alfred's chance of living till he becomes thirty-five cannot be the subject of valuation or taxation.

The difficulty with the statute in this case is that the framers have not kept in mind the exact nature and scope of a tax upon transfers. It is manifestly impossible to impose a transfer tax, within any fair or reasonable meaning of that term, before any transfer takes place. Hence none of the difficulties which always existed in the attempts to tax future contingent or defeasible interests have been removed by the amendment to the statute. The state claims that the statute has imposed a tax upon the remainders as of the date of the testator's death, payable out of the property disposed of by the will. That is plainly a property tax, subject to all the

objections already referred to, unless it can be shown by some fair process of reasoning or argument to be something else; that is to say, a transfer or succession tax. The first step in such an argument is to point out the person who has succeeded to the title of the testator, or, in other words, the transferee. The argument is not advanced much by the suggestion that the trustees answer to that description. If we can find no other transfer but that which vests title in trustees for the purposes of the trust, without any beneficial interest whatever, that amounts to a confession that the tax is a property tax and nothing else. When the state takes a part of the property of a deceased person in the hands of a mere custodian, having no beneficial interest in it, the argument that it is not a property tax, but a succession tax, must fail to make much impression on the mind. If it could be shown that the testator has transferred all his interest in this fund to his son, by the terms of the will, then the son would answer to the description of a transferee. It could then be said that he had received a large property from his father by will, and, as his right to receive it rested entirely upon the laws of the state, a transfer or succession tax, as distinguished from a property tax, was due and payable. But it is very obvious that the situation, as it now exists, is quite otherwise. He has no present taxable interest in the fund. Whether he will ever receive any part of it must depend upon his chances of life till he arrives at a certain age. It may be that, according to tables of mortality, he is destined to become the owner of this vast fund, but until that time arrives there is no transfer to him in any such sense as that term has been understood and applied to this method of taxation. The effect of the legislation, if it has any effect whatever, was to impose a property tax upon all property situated with respect to title and future ownership as this fund is.

There is a provision of the statute to the effect that in certain cases a tax will be imposed and in case the remainder is defeated the tax is to be returned. In one of the opinions below it was thought that this provision had some application

to this case.  With all respect I am unable to see how it has. The only way it could possibly be applied is to hold that Alfred must pay the tax now, whether eventually he gets anything under the will or not, and if he dies before he becomes thirty years old then the tax must be refunded to his estate.  To exact from a person a large sum of money as a condition of his right to acquire property by will, before he has acquired it, and when the conditions are such that he may never acquire it, on the promise to refund the money in case he never acquires the property, is not taxation, but something like a forced loan, the payment of which, in this case, would depend upon the chances of the remainderman to survive a certain age.

It is quite unnecessary in this case to put a strain upon language or to violate fundamental principles of taxation in order to reach the fund in question.  This is not a case where any part of a vast estate is to escape taxation.  Every interest in possession or enjoyment that passed under the will has already paid the succession or transfer tax.  The trust fund from which the remainders in question are to be carved is subject to general taxation like all other property.  When any of the contingencies have happened upon which these future interests depend, so that they can vest in possession or enjoyment, then the succession or transfer tax upon the remainders is due and payable, but not before, for the plain reason that there is no transfer consummated and the ultimate owner of the beneficial interest is not known and cannot be identified. The order appealed from should be affirmed, with costs.

Parker, Ch. J., and Werner, J., concur with Haight and Cullen, JJ. ; Gray and Vann, JJ., concur with O'Brien, J.

Ordered accordingly.