1. TRANSFER TAX—NONRESIDENT DECEDENT—TRUST FUND.

A nonresident testator when he died had foreign bonds in the state, which were kept there as a part of a testamentary trust created by him for the lives of his son and grandson. Held, that they were taxable when passing under his will and after their deaths to his collateral relatives, under Laws 1885, p. 820, c. 483, as amended by Laws 1887, p. 921, c. 713, in force at the time of testator's death.

In the matter of the estate of James S. Gibbes, deceased. From an order assessing and fixing the transfer tax, certain devisees appeal. Affirmed.

Turner, Rolston & Horan, for trustee.
Guthries, Cravath & Henderson, for Chas. H. Swanton et al.

THOMAS, S. This decedent was a resident of Charleston, S. C., and died there April 26, 1888. At the time of his death, and for some time prior thereto, there were within this state bonds of foreign corporations, belonging to him, which still remain here. Under the provisions of his will and the codicils thereto, these bonds have been held

in trust during the lives of his son and his grandson. The will bequeaths them to certain collateral relatives and to the city of Charleston, S. C., in the event of the death of the testator's son and grandson, without issue, and, this contingency having happened, the bonds are now to be turned over to the legatees. The order made upon the report of the appraiser imposes a tax on the transfers, and appeals have been taken from that order.

The question of taxability is governed by the law in force at the time of the decedent's death, notwithstanding that the legacies were contingent upon the death of the decedent's son and grandson, without issue. Matter of Vanderbilt's Estate, 172 N. Y. 69, 73, 64 N. E. 782. That law was chapter 483, p. 820, of the Laws of 1885, as amended by chapter 713, p. 921, of the Laws of 1887. Under it the transfer of bonds of corporations, kept by a nonresident decedent in this state, was held by the Court of Appeals to be taxable. Matter of Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401. It does not appear in the report of the case, nor in the papers on file in this court in the tax proceeding, whether the bonds were those of domestic or of foreign corporations. The reasoning of the court, however, is equally applicable to either kind, the principle underlying the case being that the physical presence of the bonds within the state rendered their transfer taxable, and that they were to be regarded as in the nature of chattels. This principle was expressly approved in Matter of Whiting's Estate, 150 N. Y. 27, 29, 44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640, where a transfer of bonds of foreign corporations, kept in this state by a nonresident decedent, was held to be taxable under chapter 399, p. 814, of the Laws of 1892. On the authority of these cases, the transfers under consideration must be held taxable. The contention of one of the appellants that the decision in the Whiting Case, supra, was reached only by force of the statutory construction law, Laws 1892, p. 1485, c. 677, and is therefore not applicable to the case at bar, is untenable.

I regard the constitutional questions urged by the appellants as settled in favor of the state by the recent decision of the Supreme Court of the United States in Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. ——.