## In re POST'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 19, 1903.)

1. APPEALABLE ORDER—CONSENT—NOTICE.
   Where a notice of appeal states that it is from "an order of January 27, 1903, as resettled by order of March 24, 1903," the resettled order is the one appealed from; and, it stating that it was granted on sustaining and opposing affidavits, there is nothing to support the contention that the order is not appealable because entered by consent.

2. TRANSFER TAX—WHEN PAYABLE.
   The transfer tax can be imposed before the vesting of the contingent estate.

Appeal from Surrogate's Court, Orange County.

In the matter of the transfer tax on the estate of Abram Post, deceased. From an order assessing the tax, the executor appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Howard Thornton, for appellant.
Henry W. Wiggins, for State Comptroller.

GOODRICH, P. J. The main point on the appellant's brief is that the order, having been entered by consent, is not appealable. The notice of appeal states that it is an appeal from an order of January 27, 1903, as resettled by order of March 24, 1903. The resettled order is the one appealed from. That order specifically states that it was granted on sustaining and opposing affidavits, and after opposition of the counsel of the Comptroller. This can hardly be called an order entered by consent.

The contention of the appellant that the transfer tax cannot be imposed until the vesting of the contingent estate is settled adversely to such contention by Matter of Vanderbilt's Estate, 172 N. Y. 69, 64 N. E. 782.

The order must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.