Appeal from Special Term, New York County.

Action by Grace E. Lewis and others against Charles De Kay Townsend and others, individually and as trustees under the will of Letitia A. Poillon, impleaded with others. From an order granting a motion for severance of the action and for leave to enter judgment against certain defendants, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Calvin D. Van Name, for appellants.

C. W. Jewell, for respondents.

---

### In re LIND'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 21, 1909.)

1. TAXATION (§ 898*)—CONTINGENT ESTATES—ASSESSMENT FOR TRANSFER TAX—STATUTES APPLICABLE.

　　Where deceased, whose property was in the hands of a public administrator, died in New York City, leaving a deposit in a savings bank, but, so far as appeared, no widow or next of kin in this state or elsewhere, there has been no transfer "dependent upon contingencies or conditions whereby they [the rights, interest, or estates of the transferees] may be wholly or in part created, defeated, extended or abridged," within the meaning of Laws 1897, p. 150, c. 284, as amended by Laws 1899, p. 100, c. 76, relating to the appraisement of property subject to a transfer tax on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　117 N.Y.S.—4

the application of the State Comptroller and others, and providing in such case a tax shall be imposed at the highest rate which shall be due and payable forthwith, out of the property transferred, and such statute does not apply.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 898.*]

2. TAXATION (§ 898*)—CONTINGENT ESTATES—ASSESSMENT FOR TRANSFER TAX—STATUTES APPLICABLE—"TAXABLE."

The presumption in such case is that he left next of kin, but not that he left a widow or descendants, and it is presumed therefore that the property vested in the next of kin, and is therefore "taxable" under Tax Law (Laws 1896, p. 868, c. 908, as amended by Laws 1908, p. 808, c. 310, § 1) § 220, providing for a transfer tax where the transfer is by the intestate laws from a person dying seised or possessed of property while a resident of the state.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 898.*]

3. TAXATION (§ 898*)—CONTINGENT ESTATES—ASSESSMENT FOR TRANSFER TAX—STATUTES APPLICABLE—"EXEMPT."

As the property does not appear to be "exempt" under Tax Law (Laws 1896, p. 869, c. 908, as amended by Laws 1908, c. 310, § 2) § 221, the transfer tax imposed by section 220, subd. 6, applies, and it is taxable at the rate of 5 per cent., as provided therein as to the tax imposed by such section.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 898.*

For other definitions, see Words and Phrases, vol. 3, pp. 2579, 2580.]

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax on the estate of Otto Lind, deceased. From an order suspending taxation on the shares of persons entitled to share in the estate until such time as such persons are discovered and ascertained, the State Comptroller appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Millard H. Ellison, for appellant.

Frank W. Arnold, for respondent public administrator.

INGRAHAM, J. The deceased died in the city of New York, leaving a small amount of money in a savings bank, and, so far as appears, no widow or next of kin in this state. It appeared that he was a native of Sweden, but inquiry has failed to disclose any knowledge of him, his family, or next of kin. Letters of administration were issued to the public administrator, whereupon the Comptroller of the State of New York applied to the surrogate to have an appraisal of the property subject to a transfer tax. The surrogate, after reciting that the property was in the hands of the administrator, and that the next of kin of the decedent were unknown, and the amount of the taxes unknown, ordered that taxation upon the shares of the persons entitled to share of the decedent's estate is and the same hereby is suspended until such time as the persons are discovered and ascertained. From that order the Comptroller appeals.

The Comptroller claims that this property can be collected under the tax law. Laws 1896, p. 795, c. 908, as amended by Laws 1897, p. 150, c. 284, and Laws 1899, p. 100, c. 76. I do not think that this section applies. Upon the death of the decedent his personal property

vested in the administrator, and his next of kin were entitled to **the** property upon proving their relationship to the deceased. No such person has appeared, and no such person has been found to be in existence. There has been no transfer "dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged." Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782, had relation to a trust estate in which the ultimate beneficiaries were uncertain, and what is said in that case relates to such an estate. The only uncertainty as to the ownership of this property depends upon the fact as to whether the deceased left next of kin. The presumption is that the deceased left next of kin, but there is no presumption that he left a widow or descendants. It is presumed therefore that the property vested in the next of kin of the deceased, and is therefore taxable under section 220 of the tax law (Laws 1896, p. 868, c. 908, as amended by Laws 1908, p. 808, c. 310, § 1), and, as it does not appear that it is exempt under section 221 of the tax law, the tax imposed by subdivision 6 of section 220 applies, and it is taxable at the rate of 5 per centum.

The order appealed from should be reversed, and the property of the decedent taxed at the rate of 5 per centum, with $10 costs and disbursements of this appeal to be paid out of the estate. All concur.