---

## In re ZBOROWSKI'S ESTATE.

(Surrogate's Court, New York County. February 18, 1914.)

TAXATION (§ 885*)—INHERITANCE TAX—TIME FOR ASSESSMENT.

> Tax Law (Consol. Laws 1909, c. 60) § 230, provides, relative to inheritance taxation, that when property is transferred in trust or otherwise, and the rights, interests, or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed on the transfer at the highest rate which on the happening of any of such contingencies or conditions would be possible, and that the tax so imposed shall be due and payable forthwith. Section 222 provides that taxes upon the transfer of any estate, property, or interest limited, conditioned, dependent, or determinable upon the happening of any contingency or future event by reason of which the fair market value cannot be ascertained at the time of the transfer, shall accrue and become payable when the person or corporation beneficially entitled thereto shall come into actual possession or enjoyment thereof. Under Laws 1910, c. 706, amending the Tax Law, the tax is imposed on the property or interest passing or transferred to the legatees or devisees, and not on the property or interest therein of the decedent, and the rate of taxation is dependent not only upon the relationship of the legatee to the decedent, but upon the value of the legatee's interest, and may be as low as 1 per cent. or as high as 20 per cent., dependent upon such value. A testatrix gave property in trust for her son during his minority, he to receive the principal when he arrived at the age of 21, and provided that if he died before that age without issue the property should go to certain legatees who were within the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

class taxable at the 5 per cent. primary rate. *Held* that, in view of the impossibility of determining the value of the interests transferred by the will to the various contingent remaindermen, the taxation of such interests should be postponed, as provided in section 222, and the tax could not be imposed at the highest rate possible under section 230, nor could the tax be imposed on the remainder as if it vested infeasibly in the son.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1706, 1707; Dec. Dig. § 885.*]

Proceeding to assess the inheritance tax on the estate of Margaret Laura Zborowski. From an order assessing the tax, the State Comptroller appeals. Modified.

Winthrop & Stimson, of New York City (Egerton L. Winthrop, Jr., and Francis L. Robbins, Jr., both of New York City, of counsel), for executors.

Thomas E. Rush, of New York City (George Thoms and Theodore du Moulin, both of New York City, on the brief and of counsel), for State Comptroller.

FOWLER, S. The State Comptroller appeals from the order assessing a tax upon the estate of the decedent and contends that the remainder after the temporary life estate of decedent's son should be taxed at the highest rate prescribed by the statute. The order appealed from assessed a tax on this remainder at the lowest rate. The decedent, who was a resident of New York, died on the 9th of July, 1911. She gave her residuary estate in trust to pay the income to her son, Louis Zborowski, until he arrived at the age of 21, when he was. to receive the principal; if he died before reaching the age of 21, leaving issue, the principal to go to such issue; if he did not leave issue, the principal to be paid as follows: $100,000 to Alice Talmidge Enthoven, $75,000 to Bertie Venables, $100,000 to Clarice Louise Hodges, $150,-000 to Mercedes Bonsoms, $100,000 to Henry Lewis Morris, and all the rest to her husband's sister, Anna Elliott Zborowski, or, if she should not then be living, to her children and the descendants of a deceased child, per stirpes. All of these legatees, with the exception of decedent's son and his issue, belong to the class taxable at the 5 per cent. primary rate. The decedent was survived by her son, Louis Zborowski, an infant over 14 years of age and unmarried.

The State Comptroller in his brief on the appeal bases his argument upon the assumption that the taxability of this estate is governed by the Tax Law in force prior to July 11, 1910. This is obviously incorrect, as the decedent died July 9, 1911, while chapter 706 of the Laws of 1910 went into effect on July 11, 1910. The State Comptroller's brief being based upon a misapprehension of the law applicable to the taxability of the estate, the cases cited therein have no relevancy to the question raised by the appeal. The court, however, will examine the question raised by the notice of appeal, namely, whether the taxation of the remainder after the temporary life estate of decedent's son has been made in accordance with the provisions of the Tax Law. The order assessed a tax upon the value of the remainder after the temporary life estate of Louis Zborowski as if it vested indefeasibly in him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no authority in the statute for such a method of taxation. Either the value of the remainder should be taxed under section 230, as if it vested in the possession of the various remaindermen entitled to it in the event of the death of the life tenant without issue before reaching the age of 21, or taxation thereon should be suspended, as prescribed by section 222 of the Tax Law, until it vested in possession. Under the Inheritance Tax Law of 1885, it was held that contingent interests were not to be appraised or taxed until the happening of the contingency upon which they were limited (Matter of Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836), and under the act of 1892 it was held that taxation on contingent or future estates, or vested estates which were defeasible, the value of which could not be ascertained at the time of decedent's death, was to be postponed until such estates vested in the possession or enjoyment of the beneficiary (Matter of Roosevelt, 143 N. Y. 120, 38 N. E. 281, 25 L. R. A. 695). In 1899 the Tax Law was amended by adding the following provision:

"When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred."

The Court of Appeals in Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782, held that under this amendment remainders, whether vested or contingent, were presently taxable at the highest rate which upon the happening of the contingencies provided in the will could be imposed under the provisions of the act. At that time the rates of taxation were 1 per cent. for lineals and other immediate relatives and 5 per cent. for collaterals. The rate was based upon the relationship of the beneficiary to the decedent, and not upon the value of the legacy or devise. The law defined the words "estate" and "property" to mean the property or interest therein of the testator, intestate, etc., passing or transferred, and not the property or interest passing or transferred to the individual legatees, devisees, etc. Chapter 706 of the Laws of 1910 effected material changes in the Tax Law. It not only changed the rates of taxation, but also the definition of the words "estate" and "property" as used in the law. These words were defined to mean the property or interest passing or transferred to individuals or corporate legatees, devisees, etc., and not the property or interest therein of the decedent, grantor, or donor passing or transferred.

The question presented by this appeal is whether, in view of the change in the definition of the words "estate" and "property" effected by chapter 706 of the Laws of 1910, the transfer tax on the remainders created by the will of the decedent should be assessed in the manner prescribed by section 230 of the Tax Law and in accordance with the decision in the Matter of Vanderbilt, supra, or whether such taxation should be suspended as provided by section 222 of the Tax Law. Construing the word "property" in that part of section 230 above quoted to mean the property or interest passing to the individual legatee, it

would appear that no property has been transferred in trust to Alice Talmidge Enthoven, Bertie Venables, or the other contingent remaindermen mentioned in the will, as the trust terminates when the decedent's son reaches the age of 21 or dies before that time. But if it be assumed that the words "or otherwise" in that section are sufficiently comprehensive to embrace the transfer to the contingent remaindermen under the will of the decedent, the section provides that "a tax shall be imposed upon such transfer at the highest rate." It is true that some interest is transferred under the will of the decedent to the contingent remaindermen, namely, the right to the amounts mentioned if Louis Zborowski dies before reaching the age of 21 without leaving issue him surviving, and under the section quoted this interest may be taxed at the highest rate. But what is the value of the interest to be assessed at the highest rate, and how is such value to be ascertained?

It cannot be said that the bequest of $100,000 to Alice Talmidge Enthoven, which is payable only in the event of the decedent's son dying before reaching the age of 21 years without leaving issue him surviving, was worth $100,000, or that it had any definite value at the date of decedent's death. Its value was entirely speculative. If Louis Zborowski survives until he reaches the age of 21 or dies before reaching that age, but leaving issue, the contingent interest transferred to Alice Talmidge Enthoven will be worth nothing; if he should die before reaching that age and leave no issue him surviving, it would be worth $100,000. What value, then, should be placed upon this interest so that its transfer may be taxed at the highest rate under the section above quoted?

It is obvious that the value of such interests cannot be ascertained until they vest in possession. Under the tax law in existence at the time the Vanderbilt Case was decided, the tax was imposed upon the value of the property of the decedent which was transferred. Therefore such value could be ascertained at the time of decedent's death, and the only question that remained was the rate of tax to be imposed. At that time there were only two rates, 1 per cent. and 5 per cent., so that, the value of the remainder being ascertainable, it could be taxed at the highest rate, namely, 5 per cent. But under the law in existence at the time of decedent's death the tax is imposed upon the value of the interest of the legatee, and the rate is dependent not only upon the relationship of such legatee to the decedent, but also upon the value of the legatee's interest. It may be as low as 1 per cent. or as high as 20 per cent., dependent upon the value of the interest to which the legatee is entitled. Unless the value of the interest is ascertainable, it is impossible to determine the rate at which it is to be taxed. While the Legislature may prescribe the rate of tax which shall be imposed upon the transfer, it cannot arbitrarily determine the value of the transfer. It cannot say that the value of the interest transferred to Alice Talmidge Enthoven by the decedent was worth $100,000 at the date of decedent's death. Therefore, in view of the changes effected in the Tax Law by chapter 706 of the Laws of 1910, it would appear that the decision in the Matter of Vanderbilt, supra, which was rendered un-

der the law as it existed prior to the amendment of 1910, is not controlling in the taxation of the estate of decedent, who died subsequently to the date of that amendment. The taxation of such interests would seem to be governed by section 222 of the Tax Law. This section provides:

"Taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event, by reason of which the fair market value thereof cannot be ascertained at the time of the transfer, as herein provided, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof."

In accordance with the definition of the word "estate" in chapter 706 of the Laws of 1910, the value of the respective estates of the remaindermen under the will of the decedent cannot be ascertained until they vest in possession. Therefore, under the section just quoted, the taxation of the remainder interests should be suspended until the remaindermen come into actual possession or enjoyment thereof.

The order fixing tax will be modified by suspending taxation on the remainder after the temporary life estate of Louis Zborowski until such remainder vests in possession. Settle order on notice.