## STATE EX REL. LYNDON A. SMITH v. PROBATE COURT OF COUNTY OF ST. LOUIS AND ANOTHER.[1]

May 4, 1917.

Nos. 20,346—(25).

**Payment of inheritance tax.**

1. The inheritance tax law requires the immediate payment of all inheritance taxes except in the single case of a tax measured by the value of an estate or interest not susceptible of present valuation.

**Same — when rate is uncertain.**

2. If the tax rate be uncertain, the tax is to be paid at the highest rate to which the succession would in any event be subject. If subsequent events show that this rate was too high, the excess tax is to be refunded.

**Same — payable at once.**

3. In this case the present value of the precedent estate has been ascertained, and the present value of the estate which will pass to the remaindermen is the difference between the present value of the precedent estate and the present value of the entire estate, and the tax thereon is payable at this time.

**Same.**

4. That the persons to whom the succession will ultimately pass may not yet be known, and that the amount which will pass to a particular person may not yet be known, is not made a ground for deferring the payment of the tax.

Upon the relation of Lyndon A. Smith, Attorney General, this court issued its writ of *certiorari* directed to the probate court of St. Louis county and the Honorable S. W. Gilpin, judge thereof, to review the decision of that court in the estate of Jane Thorn Cutler, deceased, holding that the inheritance tax upon the interest of the remaindermen in the trust created by her will is not payable until the termination of such trust. Remanded with directions.

[1]Reported in 162 N. W. 459.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*Baldwin, Baldwin & Holmes,* for respondents.

TAYLOR, C.

By writ of *certiorari* the state brings to this court for review the decision of the probate court of St. Louis county holding that the inheritance tax upon the interest of the remaindermen in the trust created by the will of Jane Thorn Cutler is not payable until the termination of such trust.

By her will Jane Thorn Cutler bequeathed $150,000, to the Northwestern Trust Company, in trust until her son should either marry, attain the age of 45 years, or die. She directed that the income from the trust fund should be paid to her son quarterly during the continuance of the trust; that, if the trust should be terminated by the marriage of the son or by his attaining the age of 45 years, the entire trust fund should be given to him absolutely; that, if the trust should be terminated by the death of the son unmarried, and before attaining the age of 45 years, the trust fund should be given to other persons designated by the will, which persons included the children, if any, that should be born to a designated nephew after the making of the will. It was also provided that the share which would go to designated relatives if living when the fund was distributed, should go to their heirs at law if such relatives were not then living.

The probate court required the payment of the inheritance tax upon all of the estate not included in the trust; and also found that, according to the rule prescribed by the statute, the income from the trust, which would accrue to the son during the continuance of the trust, had a present value at the death of the decedent of $75,618.75, and required him to pay the inheritance tax upon that sum. The correctness of these rulings is not questioned by either party. The only question raised is whether the inheritance tax upon the remaining $74,381.25 of the trust fund is payable now, or at the time of the final distribution of such fund.

The statute contains the following, among other, provisions:

"All taxes imposed by this act shall take effect at and upon the death of the person from whom the transfer is made and shall be due and pay-

able at the expiration of one year from such death, except as otherwise provided in this act.

"The value of every future or limited estate, income, interest or annuity dependent upon any life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the commissioner of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computations shall be five per centum per annum.

"When any transfer is made in trust for any person or persons or corporation or corporations, and the right of the beneficiaries of said trust to receive the property embraced in said trust is susceptible of present valuation, then and in such case the tax thereon shall be paid at the same time and in the same manner, and in like amount, that would be the case if the beneficiaries of such trust received the same directly from the decedent or the persons from whom the property is transferred."

"When property is transferred in trust or otherwise, and the rights, interest or estates of the transferee are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this act, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article, with interest thereon at the rate of three per centum per annum from the time of payment."

"The tax on any devise, bequest, legacy, gift or transfer limited, conditioned, dependent or determinable upon the happening of any contingency or future event, by reason of which the full and true value

thereof cannot be ascertained as provided for by the provisions of this act at or before the time when the taxes become due and payable as hereinbefore provided, shall accrue and become due and payable when the person or corporation beneficially entitled thereto shall come into actual possession or enjoyment thereof." G. S. 1913, § 2273.

This statute is apparently taken from the statute of the state of New York, and these or similar provisions have been construed by the court of that state and also by the courts of other states. It is desirable that the construction and effect given to such statutes be uniform in the different jurisdictions, and we find no good reason for departing from the conclusions reached by the other courts. On the contrary, we think that these provisions, when considered in connection with the history of the law, plainly intended the meaning and effect which has uniformly been given to them. They prescribe the method of determining the present value of future estates and interests, and require the present payment of all inheritance taxes, except in the single case of a tax measured by the value of an estate or interest not susceptible of present valuation by the methods prescribed. If the tax rate cannot be definitely determined at the time of the transfer, the tax is to be paid at the highest rate to which the transfer would in any event be subject, and, if it eventually transpires that the succession which actually happens is taxable at a lower rate, the excess of tax is to be refunded with interest.

That the rate at which the succession will ultimately be taxable may be uncertain, or that the persons to whom the succession will ultimately pass may not yet be known, or that the amount of property which will go to a particular person may depend upon the happening of a future contingency, is not made a ground for deferring the payment of the tax. If the estates or interests in remainder are susceptible of present valuation by any method prescribed in the statute, as by deducting from the present value of the entire property the present value of the precedent estate, the tax upon the remainder is payable presently without regard to the disposition which may ultimately be made of such remainder.

In the instant case the value of the precedent estate has been determined in the manner prescribed by the statute, and deducting this value from the value of the trust fund gives the value of the estate or interests which will eventually pass to the remaindermen. The tax upon this

value is required to be paid presently by the executor or trustee and out of the trust fund. This requirement is not affected by the fact that, upon the happening of certain contingencies, the right to the succession may shift from certain designated beneficiaries to certain other designated beneficiaries, some of whom may now be unknown or not in being. The statute does not require that the value of the interest of each possible remainderman be now ascertainable, but that the present value of the estate or interest which will ultimately be divided among the remaindermen be now ascertainable. This conclusion accords with the construction given to similar statutes by other courts. Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782; In re Estate of Brez, 172 N. Y. 609, 64 N. E. 958; Matter of Tracy, 179 N. Y. 501, 72 N. E. 519; Matter of Zborowski, 213 N. Y. 109, 107 N. E. 44; Matter of Terry, 218 N. Y. 218, 112 N. E. 931; State v. Pabst, 139 Wis. 561, 121 N. W. 351; People v. Starring, 274 Ill. 289, 113 N. E. 627.

The case is remanded with directions to assess and collect the remainder of the tax forthwith.