In the Matter of the Appraisal of the Estate of MARY A. REYNOLDS, Deceased, under the Acts in Relation to Taxable Transfers of Property.

Surrogate's Court, Broome County, February (Received March, 1923).

**Transfer tax — when joint bank accounts and property held as joint tenants taxable on full amount.**

Among the assets of an estate were two savings bank accounts in the names of decedent and her sister, and also a bond and mortgage which decedent and her sister, who was also her executrix, owned as joint tenants. It appeared that the sister deposited from her own money one-half of the moneys in said bank accounts and paid one-half of all moneys advanced upon the bond and mortgage at the time of the execution and delivery thereof. It also appeared that both of said bank accounts and the joint interests in the bond and mortgage were created after chapter 664 of the Laws of 1915 went into effect. *Held*, that the full amount of the bank deposits and of the bond and mortgage was subject to a transfer tax, whether the same be considered as donative or acquired by the right of succession.

TRANSFER TAX proceeding.

*Charles W. Yeomans*, for State Tax Commission.

*Keenan, Brink & Harrison*, for executors.

BAKER, S. This is an appeal by Ida E. Reynolds, individually and as executrix of the last will and testament of Mary A. Reynolds, deceased, from the report of the appraiser and from the taxing order of the surrogate to the surrogate as a judicial officer.

Among the assets of the estate there were two joint accounts in the names of decedent and her sister, Ida E. Reynolds, one in the People's Trust Company of Binghamton, N. Y., for $51.92, and the other in the Binghamton Savings Bank of Binghamton, N. Y., for $2,725.80, and also a bond and mortgage of the principal amount of $1,600 which the decedent and her said sister owned as joint tenants.

The facts herein show that said Ida E. Reynolds individually deposited from her own moneys one-half of the moneys in said bank accounts and paid one-half of all moneys advanced upon said bond and mortgage at the time of the execution and delivery thereof. The facts further show that both of said bank accounts were created, and also said joint interests in the said bond and mortgage, subsequent to the taking effect of chapter 664 of the Laws of 1915.

The order appealed from assessed a tax not merely upon decedent's half interest in said bank accounts and bond and mortgage, but upon the full value of the same.

The question presented upon this appeal is: Is the entire amount of said joint bank accounts and bond and mortgage, payable to the survivor, created subsequent to the taking effect of chapter 664 of the Laws of 1915, taxable upon the death of said decedent, Mary A. Reynolds?

Subdivision 7 of section 220 of the Tax Law provides: " Whenever property * * * held in the joint names of two or more persons * * * is deposited in banks * * * in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons the right of the surviving * * * person or persons, to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property, to which such transfer relates belonged absolutely to the deceased * * * person or persons and had been bequeathed to the surviving * * * person or persons * * * or joint depositor by will."

Prior to the adoption of the statute in question it was held that the transfer by survivorship was taxable to the extent to which it was donative in character. *Matter of McKelway*, 221 N. Y. 15.

It also has been held that when the joint account was created subsequent to the adoption of the statute, the privilege of acquiring the entire property by right of succession might be subjected to the tax on the method of acquisition. *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Keeney*, 194 id. 281.

Such being the established law prior to the adoption of the statute in question, it would seem to me that in order to make the language of said statute effective the Legislature must have contemplated exactly what the language of the statute plainly expresses. I fail to see how language " In the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased " can be interpreted otherwise than to mean that the same is taxable whether the same be considered as donative or acquired by the right of succession.

When we compare the language of the statute with the language of the Federal Estate Tax Law, in effect at the time that said amendment of May 20, 1915, took effect, which imposes a tax in similar cases, viz., " To the extent of the interest held jointly therein, or as tenants in the entirety, by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent " (§ 402, subd. d), it would seem that the legislature undoubtedly having such provision of law in mind would have made the same exception in the statute in question if it had not intended to make all such joint accounts or ownership of property taxable in full.

The statute being in force at the time that said joint bank accounts were created, and said interest acquired in said bond and mortgage, the appellant herein acquiesced in whatever obligations were created by the statute in relation thereto, and there can be no injustice in enforcing that condition.

I am of the opinion that the full amount of said bank deposits and said bond and mortgage are taxable in the full amount thereof.

The report of the appraiser is correct and the order fixing the transfer tax is affirmed.

Order affirmed.

Ordered accordingly.