In the Matter of the Appraisal under the Estate Tax Law of the Estate of FRANK A. SEITZ, Deceased.*

STATE TAX COMMISSION, Appellant; SELMA SEITZ and Others, Respondents.

Second Department, October 31, 1932.

---

* Affg. 142 Misc. 633; revd., 262 N. Y. 32.

*Thomas P. McLaughlin* [*Edgar Hirschberg* with him on the brief], for the appellant.

*Charles A. Voss,* for the respondent Selma Seitz.

*Charles G. Stevenson, Jr.,* for the respondent executors.

PER CURIAM. The question presented is whether a transfer tax or estate tax should be imposed on a sum payable under an ante-nuptial agreement. The will of the testator directed payment of the sum so provided.

On October 14, 1907, Frank A. Seitz and Selma Herzfeld entered into a contract in contemplation of their marriage. This agreement contained recitals showing that the parties fully understood the existing conditions and future obligations, and provided in consideration of mutual promises, including those of intermarriage, that Seitz " does give to the party of the second part the sum of Twenty thousand dollars ($20,000) conditioned upon her surviving him six months subsequently to his death, which payment shall be made by the executors or administrators of the said party of the first part [Seitz] six months after the decease of said party * * *." The prospective wife was to receive nothing in case she did not survive the husband; and the sum to be paid to her by the representatives of his estate was to be accepted by her " in full satisfaction of any and all claim, demand, right, title, interest or dower " in said estate.

There was further provision for defeasance in case of legal separation or the institution of proceedings for divorce, but as none of these conditions arose, and as it is evident that the parties lived harmoniously together in the marriage relation for more than twenty-three years and until the death of Seitz, it is unnecessary to discuss these contingencies which might have terminated the contract.

It will be noted that there was no agreement on the part of Seitz to make a will in favor of his prospective wife. He provided only that " payment shall be made by the executors or administrators " of his will or estate. Nevertheless, he made a will wherein he bequeathed to his wife $20,000 " in full satisfaction and discharge

of the ante-nuptial agreement * * *;" and accelerated the payment by removing the condition that she should survive him him for six months.

As we understand the argument of the counsel for the appellant, the claim is: *First*, that the transfer is one made by gift intended to take effect after the death of the donor (Tax Law, § 220, subd. 2); or, *second*, that the transfer was by will and the sum agreed upon in the contract did not constitute a debt, and the sum to be paid is, therefore, taxable.

The conclusion is readily reached that the amount provided in the agreement is not a gift. There is a definite obligation to pay founded upon an adequate and meritorious consideration both of marriage and a relinquishment of the property rights occurring as the ordinary result of marriage. Such an obligation constitutes a " debt," or, as is sometimes said, " an obligation in the nature of a debt." Such obligations are not taxable, whether provision is made for payment in a will or they remain a claim enforcible against the estate. (*Matter of Baker*, 83 App. Div. 530; affd., 178 N. Y. 575; *Matter of Vanderbilt*, 184 App. Div. 661; affd., 226 N. Y. 638; *Matter of Schmoll*, 191 App. Div. 435; affd., 230 N. Y. 559.) (See, also, on the same principle, *Matter of Orvis*, 223 N. Y. 1; *Matter of Fieux*, 241 id. 277.)

Constituting a debt, the obligation was deductible from the gross assets of the estate before a tax could be legally imposed. (Tax Law, art. 10-C [added by Laws of 1930, chap. 710], §§ 249-r, 249-s.) The new provisions of the Tax Law (Art. 10-C, §§ 249-m *et seq.*) which became effective on September 1, 1930, are applicable to this estate — the testator having died on January 26, 1931 — and the provisions of section 220 have been superseded. (Art. 10-C, § 249-mm.) The order from which the appeal is taken provides that the item of $20,000 is not taxable under article 10-C. The order should be affirmed, with costs, payable by appellant.

Present — LAZANSKY, P. J., KAPPER, SCUDDER, THOMPSON and DAVIS, JJ.

Order of the Surrogate's Court of Westchester county unanimously affirmed, with costs, payable by appellant.