In the Matter of the Estate of EDMUND F. HOLBROOK, Deceased.

Surrogate's Court, Westchester County, April 28, 1942.

*Jerome M. Hirsch* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission, appellant.

*Charles C. Fenno*, for the County Trust Company, as substituted trustee, respondent.

MILLARD, S. This is an appeal by the State Tax Commission from a *pro forma* order fixing the transfer tax entered herein on May 21, 1941, on the ground that in computing the tax upon the ultimate vesting of the contingent remainder which was the subject of taxation, the rate of one per cent was employed instead of the five per cent rate provided for by statute.

The decedent departed this life on November 6, 1897, leaving a will which was duly admitted to probate by this court on January 12, 1898. By the " ninth " paragraph of his will the decedent established a trust for each of his four nieces during their respective lives. Upon the decease of any of the said nieces, the remainder of the trust so set aside for any such deceased niece was to be paid over to her children and issue of children, and, in the event that no such children or issue survived, said remainder was to be paid to the then living nieces of the decedent and to the issue of those nieces who were then deceased.

Transfer tax proceedings were duly instituted pursuant to the provisions of the Transfer Tax Law and the appraiser's report thereunder was filed on July 13, 1898. Subsequent to the filing of such report, an order of this court was entered on October 17, 1898, assessing the transfer tax against various interests but holding in abeyance the taxation of contingent remainder interests, including such an interest in one-sixteenth of the residuary estate bequeathed for the life use of Carrie G. Cogswell, one of the nieces of the decedent, later also known as Carrie G. Cogswell Sasseen. Taxation of such remainder interest was thus held in abeyance for the reason that it was not then ascertainable to whom such interest would eventually pass.

The said Carrie G. Cogswell Sasseen died on November 1, 1940, leaving no issue her surviving, and, therefore, pursuant to the terms of the will, the remainder interest after her life use became distributable to the children of Fannie E. Rice and Mary C Wood, the latter being demised nieces of the decedent. By order of this court entered on May 21, 1941, the remainder interest passing at the death of the life tenant, Carrie G. Cogswell Sasseen, was taxed at the one per cent rate applicable under article 10-C of the Tax Law (which became effective on September 1, 1930), rather than at the five per cent rate applicable under the Transfer Tax Law in effect at the death of the decedent.

Section 249-mm of article 10-C of the Tax Law provides, in part, as follows: " In respect of persons dying after this article becomes effective it shall supersede any other article of the tax law which imposes a transfer, inheritance or estate tax; but in respect of any person dying or who died before this article takes effect, the pro-

visions of law imposing transfer, inheritance or estate taxes in effect at the time of his or her death shall remain in full force and effect. * * * " Said section of the Tax Law has been held to limit the application of article 10-C to the estate of a person dying after August 31, 1930. (*Matter of Seitz*, 237 App. Div. 206, 208.) Aside from this clear limitation of said article, the pertinent provisions of the Transfer Tax Law in effect at the death of the decedent (Laws of 1896, chap 908, § 220, as amd. by Laws of 1897, chap. 284, § 2) import a reservation of the right to tax contingent remainders upon their vesting, under the rates in effect at the decedent's death. Said section 220 (as amd. by Laws of 1897, chap. 284, § 2, in effect on April 16, 1897) reads in part as follows:

" § 220. Taxable transfers.— A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations not exempt by law from taxation on real or personal property, in the following cases: * * *

" 4. (Such tax shall be imposed) When any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer, whether made before or after the passage of this act. * * *

" 6. The tax imposed thereby shall be at the rate of five per centum upon the clear market value of such property, except as otherwise prescribed in the next section."

Prior to an amendment of 1899 it was provided in the Transfer Tax Law (Laws of 1896, chap. 908, § 230, as amd. by Laws of 1897, chap. 284, § 6) that " Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof * * *." Under that statute, further contingent estates were not taxable until they vested in possession and the beneficial owner could be ascertained. (*Matter of Vanderbilt*, 172 N. Y. 69.) When the said sections 220 and 230 of the Transfer Tax Law, as they stood on November 6, 1897, are read together, it becomes apparent that the intent of such legislation was to merely postpone the fixing of the tax upon contingent remainders while reserving for application thereto the rate of taxation effective at the decedent's death. The transfer tax has been held to be a tax on the right of succession which right is conferred and established by the laws of this State in effect at the death of the decedent. The effect of such tax upon the right of succession is to subject property, ownership of which has ceased by reason of the death of its owner, to a diminution, by the State

reserving to itself a portion thereof. (*Matter of Swift*, 137 N. Y. 77, 83; *Matter of Vanderbilt, supra*.) The right of succession in the instant case arose out of decedent's will which became effective at his death, and it follows, therefore, that the tax rate in effect at that time must be applied to such right. (See the decision of Surrogate THOMAS of New York county in *Matter of Guggenheim*, N. Y. L. J., Jan. 4, 1906, p. 1111; affd., 116 App. Div. 914; affd., 189 N. Y. 561.)

As the court is of the opinion that the rate of tax applicable on November 6, 1897, must be employed in computing the tax upon the within remainder interest, the taxing order entered herein on May 21, 1941, will be modified accordingly.

The appeal of the State Tax Commission is, therefore, sustained. Submit order on notice, modifying the order fixing tax entered on May 21, 1941, in accordance with this decision.